May Term,
1835.

M'Hatton *v.* Bates and Another.

M'Hatton
v.
Bates.

The plaintiff in a justice's Court has the benefit of the general issue though it be not pleaded, and though a special plea be filed.

If goods be won on a wager respecting the result of a Presidential election, *and be delivered to the winner,* the loser cannot, either at common law or under our statute, sustain an action against the winner for the price of the goods.

Such a wager is illegal, and if the goods be not delivered to the winner, he is without remedy.

4b    63
150   342

4b    63
160   477

ERROR to the *Marion* Circuit Court.

M'Kinney, J.—*H.* and *D. Bates* brought suit against *M'Hatton* before a justice of the peace on an account. The defendant filed the following defence: *H. Bates & Co.,* to *Robert M'Hatton,* Dr. To debt of honour, Presidential election, 16 dollars. The case was tried before the justice and a judgment rendered on the verdict in favour of the defendant. The plaintiffs appealed to the Circuit Court and the cause was submitted to the Court, without the intervention of a jury, and judgment given in favour of the plaintiffs.

Saturday,
May 30.

The only material question which the case presents, arises from an exception taken by the defendant to the opinion of the Circuit Court, rejecting certain testimony offered by him. It appears, that after the plaintiffs had gone through with their evidence, the defendant offered to prove that two yards of the cloth mentioned in the plaintiffs' account, (being the only cause of action filed by them and amounting to 16 dollars, and being the whole amount claimed as a balance due from the defendant,) had been won by the defendant from one of the plaintiffs upon a bet or wager upon the result of the Presidential election, and that the cloth was delivered to the defendant with the knowledge and assent of both the plaintiffs upon such winning, and without the expectation or intention of its being otherwise charged or paid for. This testimony was rejected, and we must decide whether the rejection was correct. If the testimony was appropriate to the defence, and that defence a good one, the testimony should have been admitted. The testimony, it is apprehended, was rejected on the ground that it was not appropriate and relevant to the defence relied on: at least, this position has been assumed by the defendants in error in support of the judgment of the Circuit Court, and demands, before we advance further, some examination.

The defence filed by the plaintiff in error was certainly very general, and leaves much at large the matter he relied on as a bar to the action. This imperfect defence should not, however, have deprived him of the advantage of the general issue, if, under it, he could adduce evidence to show that the plaintiffs were not entitled to judgment. The defendant, then, having the benefit of the general issue though not pleaded, we come to the inquiry, does the evidence offered conduce to show that the plaintiffs should not recover?

From the testimony rejected, it appears that the plaintiff in error offered to prove that the cloth, to recover the price of which the suit was brought, had been delivered to him with the knowledge and assent of both the defendants in error, on its being won from one of them on a wager on the result of the Presidential election.

It has long been regretted, that, at common law, it was settled that actions on wagers, when they were not against good morals and sound policy, could be maintained; but such being the law, Courts, without a change by statutory enactment, are bound to apply it. That question, if it were open, is not now before us, and we shall therefore confine ourselves to the case on the record.

In the case of *Bunn* v. *Riker*, 4 Johns. R. 426, which was on a wager of the character of the present, the action was brought to recover the money won. The Court decided that the wager was against the principles of sound policy and void. Had the property, therefore, bet on this wager not been delivered, the plaintiff in error could not have recovered it by action, as the wager was illegal and void; but it seems the relative situation of the parties is entirely changed, when, on such an illegal wager, the party losing money or property has paid or delivered it to the winner. A few cases only in support of this long settled principle will be noticed.

In *Howson* v. *Hancock*, 8 T. R. 575, which was assumpsit to recover back money paid over to the winner, upon an illegal wager, by the consent of the loser, Ld. *Kenyon* said, "There is no case to be found where when money has been actually paid by one of two parties to the other upon an illegal contract, both being *participes criminis*, an action has been maintained to recover it back again." And in the same case, *Lawrence*, justice, concurring, adverted to the maxim, that when both

parties are equally criminal against the general laws of public policy, the rule is *potior est conditio defendentis.* *M'Cullum v. Gourlay,* 8 Johns. R. 147, is similar to the present case, and it is there said, "The Court will not help the plaintiff to obtain relief from a bet, when the money or property has been fairly paid or delivered."

Having thus seen, that, at common law, the evidence offered by the plaintiff in error would have constituted a bar to the recovery sought, it is necessary to recur to our legislation, and see whether a change has been made. The only statute which affects the question is "An act to prevent unlawful gaming." R. C. 1831, p. 282. The first section declares, "That all promises, agreements, notes, bills, bonds, contracts, mortgages, or other securities whatsoever, made, &c. when the whole or any part of the consideration of such promise, agreement, conveyance, or security, shall be for money or other valuable thing whatsoever, won, laid, or betted, at cards, dice-tables, tennis-balls, or other game or games whatsoever, or at any horse-race, or cock-fighting, or any other sports or pastime, or any wager whatever, &c., shall be utterly void and of no effect." The second section provides, "That if any person or persons at any time, by playing at any game or games, or betting on the hands or sides of such as do play at any game or games, shall lose to any one or more persons so playing or betting, any sum of money or any valuable thing, and shall pay or deliver the same or any part thereof,—the person so losing and paying or delivering the same shall be at liberty, within six months next following, to sue for and recover the money or other valuable thing so lost and paid or delivered, with costs of suit, by action of debt founded on this act," &c.

Agreeably to the second section, it seems that if any person by playing at any game or games, or betting on the hands or sides of such as do play at any game or games, shall lose, &c., such person by proceeding under the statute, and founding an action of debt thereon, may recover the money or other valuable thing, &c. An important question arises, do the provisions of this section apply to the recovery of money or property lost on wagers, when the same has been paid or delivered? It is believed not. It is true, by the first section all promises, notes, &c., when the consideration thereof shall be for money

May Term, 1835.

M'HATTON
v.
BATES.

9

May Term,
1835.
_____

M'HATTON
v.
BATES.

or other valuable thing won, lost, or betted at cards, &c. shall be void; and this we have said is the common law in relation to illegal wagers; consequently, the first section makes no change as to them. Does the second section make a change? This must also be answered in the negative; since that section only enables the recovery of money or property paid or delivered, when it has been lost by playing at any game or games, or by betting on the hands or sides of such as do play at any game or games. It is unnecessary to decide what game or games, if any, other than those mentioned in the first section, are included in the second, since, so far as this decision goes, it is clear that money or property lost on a wager, and paid or delivered, is not within the provisions of the section. No reasoning is required to prove that a wager is not a game, for the proposition is self-evident. If this be a sound construction of the statute, the common law is not changed on this point. In this construction we are sustained by that given on a similar statute by the appellate Court of a sister state. *Reed* v. *Harrod's Heirs.* Print. Dec., Ky. 192.

It will be perceived from the statute, that there is a marked distinction between protection from the recovery of property so lost, and the recovery of the property when voluntarily delivered. The first section, in all the cases designated, affords that protection; and the second section enables the recovery in the cases specified, when payment has been made; but the other cases are left to the operation of the common law principles (1). The action has been brought without reference to the provisions of the statute, and if the evidence shows a case in which neither at common law, nor by the statute, a recovery could be had, (and we think the evidence is of that character,) it should have been received.

Several other questions are presented by the record, but their examination, from the view taken of that deemed most material, is rendered unnecessary.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Scott,* for the plaintiff.

*C. Fletcher,* for the defendant.

(1) The act of 1838 expressly makes promises for money, &c. won, &c., *on the result of any election,* void: in other respects the first three sections of that act are the same with the act cited in the text. Rev. Stat. 1838, p. 324.