Nov. Term, 1839.

TATE
v.
THE STATE.

*C. Fletcher* and *O. Butler*, for the appellee.

---

## TATE *v.* THE STATE.

An indictment charging the defendant with winning the sum of five dollars by a wager, &c., is not sustained by proof that he won the promissory note for five dollars of the person with whom he bet.

*Monday, November 18.*

ERROR to the *Fayette* Circuit Court.

DEWEY, J.—The plaintiff in error was indicted for winning "the sum of five dollars," by a wager on an election. Plea, not guilty. Trial by the Court, and judgment of conviction. The evidence was that the plaintiff in error "bet five dollars," and that he and the person with whom he wagered made notes payable to each other for that amount, and placed them in the hands of a stake-holder. When the result of the wager was ascertained, which was in favour of the plaintiff in error, he and the other bettor received from the stake-holder both notes; one was destroyed, and the other delivered to the winner.

We think the Circuit Court erred in convicting the plaintiff in error upon this evidence. If the charge in the indictment, that the accused won "the sum of five dollars," has any legal meaning at all, it is that he won five dollars in money. This charge is not established by the testimony. The parties to the bet staked each his promissory note to the other for five dollars. The notes were the things bet, and admitting the plaintiff in error won his adversary's note, that does not sus-

tain the charge of winning money. The allegation and the proof are too variant to justify the finding of guilty.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue set aside. Cause remanded, &c.

*C. B. Smith*, for the plaintiff.

*W. Quarles*, for the state.