Nov. Term, 1858.

FRYBARGER
v.
SIMPSON.

FRYBARGER *v.* SIMPSON.

A wager upon the result of an election is illegal, being contrary to public policy, and the Courts will not aid the winner to recover the sum or thing lost from the loser, nor will they, if the loser has voluntarily paid it, entertain an action to compel the winner to repay it.

The loser may recover from the stakeholder the amount he has deposited, whether the wager has been decided or not, provided he demand the return of the stake before it has been actually paid over, after the event, to the winner.

In this case, after the wager was decided, the loser requested the stakeholder not to pay until he could see the winner, as he wanted him to receive certain judgments, in lieu of the sum won. Afterwards, the winner demanded the stake, saying that he would not accept the judgments, and the stakeholder, having no express direction from the loser not to do so, paid it. *Held*, that the loser could not recover from the stakeholder.

APPEAL from the *Fayette* Circuit Court.

*Monday, November 22.*

DAVISON, J.—The appellee, who was the plaintiff, sued *Frybarger* to recover a certain amount of money deposited with him as a stakeholder upon a wager on the result of the state election for governor, on the 14th of *October,* 1856. The issues were submitted to a jury, and there was a verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment.

The facts are substantially these: The plaintiff, on the 20th of *September* 1856, deposited with the defendant, as a stakeholder, 1,000 dollars, as a wager on the result of the state election for governor, at which election *Ashbel P. Willard* and *Oliver P. Morton* were the opposing candidates, against 500 dollars then deposited with defendant as such stakeholder, by one *Robert Watt.* When the several sums were thus deposited, the plaintiff and *Watt* were both present, and each in the presence of each other directed the defendant, if *Willard* should be elected, to pay the entire amount, 1,500 dollars, to *Watt,* but in case *Morton* was elected, he, the defendant, was directed to pay the same to the plaintiff. After the election had occurred, and, as the result, it had been determined and become known that *Willard* had been elected, viz., on the 17th of *October,* 1856, the plaintiff stated to the defendant that he wished him to wait,

and not pay over the money until he, plaintiff, could see *Watt*, as he wanted him to take, in lieu of the 1,000 dollars, some old judgments which were good, but slow. This was understood by the defendant to be a request, merely, and not a direction. After this, on the 20th of *October*, *Watt* called on the defendant, who informed him, *Watt*, of the plaintiff's request, to which *Watt* replied that he had waited a reasonable time; that he was unwilling to accept judgments in lieu of the 1,000 dollars, or any other arrangement different from the original terms of the wager, and thereupon he demanded payment of the whole amount deposited. And the defendant, being satisfied as to the result of the election, paid over to the said *Watt* the entire sum of 1,500 dollars.

It was proved that, after the money had been so paid over, and about the first of *November*, the plaintiff directed the defendant not to pay over the 1,000 dollars, and that afterwards, and before the commencement of this suit, he demanded the same of the defendant.

The evidence being closed, the Court, of its own motion, gave the following instruction: " If the jury believe the evidence, they must find for the plaintiff the amount by him deposited, with interest from the time he demanded it of the defendant."

Upon the subject of the inquiry involved in this instruction, we have no statute. Hence, its correctness must be tested by common-law rule. And in accordance with that rule, it is well settled that wagers upon the result of an election are against the principles of sound policy, and, consequently, illegal. *Bunn* v. *Riker*, 4 Johns. 426. And being thus illegal, Courts will not aid the winner in the recovery of the wager from the loser, nor will they, if the loser has voluntarily paid the wager, entertain an action in his favor to compel the winner to repay it. *Yates* v. *Foot*, 12 *id*. 1. In the case just cited, it was ruled that, while the contract remains unexecuted, the principal may recover his money out of the hands of the stakeholder. If, however, the hazard has ceased, and the wager has been lost or won according to the contract, a very different relation

takes place between the parties: the contract, so far as the loser is concerned, is executed; no further act is necessary, or can take place, on his part, to give it effect, or carry it into execution; and he will not be allowed to retract what he has done. But this doctrine does not, in our opinion, accord with the weight of authority. If the wager is illegal, the rule seems to be, that either party, even the loser, may recover from the stakeholder the amount he has deposited, whether the wager or event has been decided or not, provided he demand the return of his stake before the money has been actually paid over, after the event, to the winner. Chit. on Cont. 621, and authorities there cited.

How, then, stands the case at bar. After the result of the election had become known, the plaintiff requested the stakeholder to wait and not pay over until he could see the winner, as he wanted him, in lieu of the amount won, to receive certain judgments which were good, but slow. This, it is said, was enough to put the defendant on his guard— to induce him to believe that if he paid the money without further directions, he did so at his peril. We think otherwise. The terms of the request, in effect, affirmed the contract, and [the plaintiff] simply desired the privilege of discharging it by the transfer of certain judgments. At all events, there is nothing in the request to delay payment, in any respect calculated to induce the conclusion that the plaintiff thereby intended to avoid the fulfilment of his contract. And the defendant having paid over the money to the winner, in the absence of any express direction not to do so, is not, in view of the facts stated in the record, liable in this action (1).

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the appellant.

*B. F. Claypool, N. Trusler*, and *G. Trusler*, for the appellee.

(1) See *Woodcock* v. *McQueen, ante*, 14.