Nov. Term,
1858.

MORRIS
v.
PHILPOT.

---

## MORRIS *v.* PHILPOT.

Where the loser of a wager, after the contingency was determined, and before
payment to the winner, notified the stakeholder not to pay the deposit, but
failed to give the winner notice that he had done so, and the stakeholder
paid over the money, without regard to the notice:—*Held*, that the loser
could sue the stakeholder; but the latter having no agency as to the con-
tract itself, the notice to him was no notice to the other depositor of an in-
tention to rescind the contract; and an action would not lie against him.

*Held*, also, that if the money had been paid to the winner before any counter-
manding notice, it could not be recovered.

A party may refuse to execute an illegal agreement; but a Court will not aid
him in rescinding it after he has executed it.

APPEAL from the *Fountain* Court of Common Pleas.

PERKINS, J.—*Philpot* sued *Morris* to recover back money
bet and lost upon the result of an election. Judgment for
the plaintiff.

*Wednesday,
January 5,
1859.*

The facts are, that *Philpot* and *Morris* each placed in
the hands of one *Hetfield*, as stakeholder, 100 dollars, di-
recting him at the time, if the election resulted in one
way, to pay 200 dollars to *Morris*; if the other way, to

*Philpot.* The contingency happened in favor of *Morris.* After the happening of the contingency, but before the money was paid over, *Philpot* notified *Hetfield* not to pay over the 100 dollars staked by him to *Morris,* but gave *Morris* no notice of his having done so. *Hetfield* disregarded the notice, and paid the money over to *Morris.*

*Philpot,* upon the above facts, could have sued *Hetfield,* the stakeholder, for his deposit. *Alexander* v. *Mount,* 10 Ind. R. 161.

Had the money been paid over to *Morris,* by the stakeholder, without any countermanding notice, *Philpot* could not have recovered it back. *Woodcock* v. *McQueen,* 11 Ind. R. 14. A party may refuse to execute an illegal agreement; but a Court will not aid him in rescinding it after he has executed it.

In this case, *Philpot* determined, in his own mind, to refuse the execution of an illegal agreement, and notified his stakeholder of his determination, but did not notify the other contracting party.

In this case, then, *Morris,* the other contracting party, had no notice that *Philpot* had determined to rescind the contract; and he received the money from the stakeholder in good faith, and in pursuance of the contract made.

Now, these questions arise:

1. Did the notice of *Philpot* to the stakeholder, of his intention not to execute the contract, operate to rescind it altogether with *Morris,* so that the money afterwards coming into his hands, could be treated as money had and received to *Philpot's* use? If so,

2. Could this suit be sustained against *Morris* without a demand of the money first made?

On the first point. The contract in the case was made by *Philpot* and *Morris* in their proper persons, not by an agent. *Hetfield,* the stakeholder, was no party to the contract. After *Philpot* and *Morris* had made it, each took to *Hetfield* 100 dollars, deposited the same with him upon these terms, and with this special power vested in him, viz., to hold both sums till a contingency happened, and upon its happening one way or another, to pay over the

sums of money. He had no agency as to the contract, but was simply vested with a special power to hold and pay over money.

It is clear, therefore, that, as to the contract itself, he having had no agency, notice to him, by one depositor, not to pay over his deposit, was no notice to the other depositor of a rescission of the contract upon which the deposit was made. This being the case, the contract here was not rescinded, and the action should have been against the stakeholder, who had committed a breach of faith in paying over the plaintiff's 100 dollars, after notice not to so pay it. So are all the cases. We have found none except against stakeholders, under such a state of facts. See 2 Pars. on Cont., pp. 138 to 140.

We need say nothing on the second point.

Upon the announcement of the opinion, the parties filed an agreement to dismiss the cause at plaintiff's costs.

*Per Curiam.*—It is, therefore, considered, &c.

*W. H. Mallory* and *J. J. Taylor*, for the appellant.

*J. Ristine*, for the appellee.