WOODCOCK
v.
PALMER.

the title, and be able to execute a good deed, by the time the contract required it to be done.

Independently of the fraud charged, therefore, the answer contains no defense. *Sweeney* v. *Sampson*, 5 Ind. R. 465.—*Hardesty* v. *Smith*, 3 *id*. 39.

2. The only matter in issue, then, was the fraud. The title to real estate was not necessarily involved. It could be, only incidentally, to disprove fraud; but if the representations of title were not first proved, the question upon the title could not arise at all.

But waiving the points discussed, the case can be rested upon the authority of *Rogers* v. *Perdue*, 7 Blackf. 302, and upon that case we put the decision. It may have turned out on the trial that the note was not given for land.

The whole question has become measurably unimportant, as by the acts of 1859, it is provided that in this and certain other classes of cases, the cause shall, where pleadings putting in issue the title of real estate are sworn to, be certified to the Circuit Court, and not be remanded, even if wrongly transferred. Acts of 1859, p. 93.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*D. M'Donald* and *A. G. Porter*, for the appellant.
*H. C. Newcomb* and *J. S. Tarkington*, for the appellee.

---

## WOODCOCK *v.* PALMER.

APPEAL from the *Bartholomew* Circuit Court.

*Per Curiam.*—The facts in this case are similar to those in *Woodcock* v. *McQueen*, 11 Ind. R. 14, and the conclusion therein arrived at is decisive in the case at bar.

The judgment is affirmed with costs.

*W. Herod* and *S. Stansifer*, for the appellant.
*N. T. Hauser*, for the appellee.