## BURROUGHS and Another *v.* HUNT.

Where the pleadings show that money passed into the hands of the defendant as stakeholder of a wager upon the result of an election, an action may be maintained against him by the party who disaffirms the illegal contract, and notifies him thereof before the money is paid to the other contracting party.

Section 2, 1 R. S. p. 305, has reference to the rights and remedies of parties to certain illegal contracts, as between themselves, and not to the right of action, nor the time within which it must be brought, against a stakeholder.

Where the defendant withdrew the general denial, and was thereupon permitted to open the case, and all the evidence offered by him being rejected, the

plaintiff was permitted to present his evidence, it was contended that this was error, as there was nothing to rebut. But another paragraph of the answer traversed every part of the complaint not confessed and avoided. There were material allegations neither confessed nor avoided. *Held,* that the defendant was not entitled to open the case, he not having the affirmative of the issue.

The defendant offered to withdraw a paragraph of his answer, upon the condition that the evidence applicable to it should be stricken out. This was refused. *Held,* that the refusal was within the discretion of the Court.

A defendant cannot introduce, as evidence, a paper filed in a previous action by the plaintiff against another defendant, though brought, in part, for the identical money or thing in suit in the present action.

Nov. Term,<br>1859.<br>—————<br>Burroughs<br>v.<br>Hunt.

APPEAL from the *Randolph* Court of Common Pleas.

HANNA, J.—Suit by *Hunt* against stakeholders, for money deposited with them upon the result of the presidential election.

Thursday,<br>December 1.

There are two paragraphs in the complaint. *First.* For money had and received, &c. *Second.* Setting out the facts of the wager between the plaintiff and one *Snodgrass;* the deposit of the money with the defendants; the notice not to pay over; and the demand, &c.

An answer of seven paragraphs was filed.

A demurrer was sustained to the second, third, and fifth paragraphs, and a part of the seventh was stricken out. These rulings of the Court are assigned for error; but no injury could thereby have resulted to the appellants, as the same evidence could have been given under the fourth paragraph, which would have been admissible under the averments in the others.

It is insisted, first, that, as a wager upon the result of an election is an illegal contract, no action can be maintained for money paid to, or deposited with, a stakeholder, in such transaction; and secondly, that if such an action can be brought, that it must be commenced within six months from the time the money is placed in the hands of the stakeholder, under § 2, 1 R. S. p. 305.

Where the pleadings show, as in the case at bar, that the money passed into the hands of the defendant as a stakeholder merely, an action may be maintained against him by the party, who disaffirms the illegal contract, and notifies him thereof before the money is paid to the other

Nov. Term, 1859.

BURROUGHS
v.
HUNT.

contracting party.  *Alexander* v. *Mount*, 10 Ind. R. 161.— *Morris·* v. *Philpot*, 11 *id.* 447.—*Frybarger* v. *Simpson, id.* 59.

The second section of the statute above referred to, has reference to the rights and remedies of the parties to certain illegal contracts, as between themselves, and not to the right of action, or the time within which it must be brought against a stakeholder.  *Wade* v. *Deming*, 9 Ind. R. 35.

The defendants withdrew the first paragraph of their answer, which was the general denial, and was thereupon permitted to open the case, under the supposition that the affirmative of the issues was upon them.  All the evidence offered by the defendants was rejected.  The plaintiff was then permitted to present his evidence.  This is said to be erroneous, as the case stood upon the pleadings, after the rejection of the evidence of the defendants, for the reason that there was nothing to rebut.

Whatever the rule might be, if the defendants had really been entitled to the affirmative, we need not decide, as they were not so entitled upon the fourth paragraph of the answer.  That paragraph professes to traverse and deny every part of said complaint not herein confessed and avoided.

The allegation in the complaint, of notice, &c., is not confessed, nor is it, in our opinion, avoided.  The averment upon that point is, that after the election the winner applied for the money to one of the defendants, who applied to plaintiff to know if he should pay it over.  " And the said plaintiff then and there told said *Burroughs* that there might be a mistake about the result, and to hold on until it was known;" that he held on until the fact was known, and then paid, &c.  Under the decision in the case of *Frybarger* v. *Simpson, supra,* this statement would have operated as an affirmance of the contract, and, therefore, not as a notice to not pay at all.  As other parts of the paragraph denied that notice, it devolved upon the plaintiff to prove it.

After the evidence for defendants had been rejected, and that for plaintiff heard, the defendants asked leave to withdraw the fourth paragraph of the answer, on condition that

the Court would strike out the evidence applicable to that
issue.   This was refused.   In this we do not perceive any
error.   If the Court could, under such circumstances, sus-
tain a conditional motion of the character indicated, it
would be the exercise of a discretionary power, the abuse
of which would alone be error.

The only question remaining is, as to whether the evidence offered by the defendants was properly rejected. That evidence, the record informs us, consisted of "a paper duly filed by the parties, in this Court, on the ——— day of *January*, 1857, in an action then pending in this Court, wherein the plaintiff in this action was the plaintiff, and *Samuel Burroughs*, one of the defendants in this action, and *William Snodgrass* and *Joseph Sisk* were defendants, and that said action was brought in part for the same identical money sued for in this action." That said action was dismissed, and said paper had remained on file, &c.

The ruling of the Court was correct.   It is enough to say that the paper offered in evidence had not been prepared and placed on file in a case between the same parties to the suit then being tried.   Whether it should have been received as evidence, in a subsequent case between the same parties, &c., is a point not before us, and upon which we intimate no opinion.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Smith* and *J. Brown*, for the appellants.
*W. A. Peelle*, for the appellee.