Smoot *v.* The State.

---

SMOOT *v.* THE STATE.

An information which charges that the defendant "lost the sum of 5 dollars, by then and there unlawfully betting with *A. B.*, upon an affidavit made by *C. D.*, against *E. F.*, for assault and battery with intent to kill, contrary to law," &c., is bad, and charges no crime or misdemeanor known to the law.

APPEAL from the *Davies* Common Pleas.

PERKINS, J.—The following information, based upon a corresponding affidavit, was filed in the *Davies* Common Pleas, on the 22d of October, 1860:

"STATE OF INDIANA, }
DAVIES COUNTY,   } SS: *Davies* Court of Common Pleas, January Term, 1860, (1861.)

"*N. S. Givan*, District Attorney for the Common Pleas District, composed of the Counties of *Knox, Davies, Martin* and *Pike*, informs the Court now here, that at the County of *Davies*, State of *Indiana*, on or about the 27th day of *September*, 1860, one *William Smoot* did then and there unlawfully lose the sum of 5 dollars, by then and there unlawfully betting with one *Starling Combs*, upon an affidavit made by *Pleasant Neal* against *John Chapman*, for an assault and battery with intent to kill, contrary to the statute in such case made and provided, and against the peace and dignity of the State of *Indiana*. GIVAN, Dist. Atty." The Court refused to quash this information; the defendant was convicted, and he appeals to this Court.

The only material question presented, and the only one we shall examine is, Does the information charge a crime? It sets forth a contract which would be void, and not capable of being enforced by a civil action, on the ground of public policy; *Evans* v. *Jones*, 5 M. & W. p. 77; Chit. on Cont. 418, 494, 716; but does it set forth a crime? The code of *Indiana* enacts that: "Crimes and misdemeanors shall be defined, and

punishment therefore fixed by the statutes of this State, and not otherwise." 1 G. & H. p. 416.

If, then, the act charged in the information is a crime, it is because it is made so by some statute. The only statute by which it is claimed that the act is made criminal, is the following:

"Every person who shall, by playing or betting at or upon any game or wager, or upon the result of any election, either lose or win any article of value, shall be fined in a sum not less than the value of the article so lost or won, nor exceeding twice the value thereof; and any one of the persons so betting or playing may be compelled to testify against the others therein concerned." Acts 1857, p. 97.

This statute makes three classes of acts criminal:

1. Betting upon a game.
2. Betting on the result of an election.
3. Betting upon a wager.

The betting charged in the information in the case at bar, was upon an affidavit.

That affidavit was not a game. Therefore, no betting upon a game is charged. That affidavit was not the result of an election. Therefore no betting on the result of an election is charged.

Was that affidavit a wager?

To answer this question correctly, we must ascertain the definition of the term wager.

It means the contract by which a bet is made; and it is applied, also, to the thing or amount bet. *Woodcock* v. *McQueen,* 11 Ind. 14; Bouvier Dic. Tit. Wager; also, the same title in Tomlin, Burrill, and Wharton. We have found no law authority that makes it mean the subject on which a bet is laid. It seems that it was used in such a sense by Sidney. See Webster and Worcester. But a bet or wager may be the subject of another bet or wager. One may bet that the bet

of another person will be won or lost by such person. Is not such an act embraced by the provision in 1 G. & H. p. 355, which provides, that "if any person by betting on any game, or betting on the hands or sides of such as play at any game," &c.?

Further, it would seem that the limited signification we are advocating must be the sense in which the term betting upon a wager is used in the statute, for the reason that if we give to the word wager the meaning of "the subject matter on which a bet is laid," then the term embraces every bet upon any and every subject whatever; because a bet can be laid upon any and every thing, and thus all betting is made criminal. But this does not seem to have been the intention of the Legislature, inasmuch as they have undertaken to specify the particular cases in which betting is to be criminal, viz: upon elections, upon games, and upon wagers or bets; but if this last covers every bet that can possibly be made, why, as before remarked, did the Legislature specify particular instances in which bets should be illegal?

The statute, then, can be taken in its plain literal import, and made operative and reasonable in all its parts. It makes criminal a bet:

Upon an election.

Upon a game.

Upon an existing bet.

And, as it is a criminal statute, it ought not to be latitudinously construed.

The conclusion is, that the information fails to charge a crime, and is bad. An act may be illegal, and not criminal in the eye of human law. The error as to the year in the title to the indictment was not material.

*Per Curiam.*—The judgment is reversed, and the cause remanded to be dismissed.

*J. W. Burton,* for the appellant.

*The Attorney General,* for the State.