## THE STATE *v.* HENDERSON.

CRIMINAL LAW.—*Pleading.*—*Answer to Indictment for Betting on Election.*—To an indictment for betting upon the result of an election, an answer that before the indictment was found or presented, the defendant was compelled by the grand jury to testify as a witness in said cause, and disclose all the facts and matters alleged in the indictment, and to prove the offence charged therein, is bad.

SAME.—*Betting on Election.*—Betting upon the result of an election is not gaming.

From the Morgan Circuit Court.

*H. Burns,* Prosecuting Attorney, and *J. C. Denny,* Attorney General, for the State.

OSBORN, J.—This case is brought here under section 119, 2 G. & H. 420. The point reserved was the ruling of the court upon the sufficiency of the second paragraph of the answer filed by the appellee.

The bill of exceptions shows that the appellee was indicted by the grand jury of Morgan county, for betting and wagering upon the result of the election of Governor in 1872; that he appeared and filed an answer of two paragraphs. The second alleged, " that before the indictment was by said grand jury found or presented, said grand jury caused the defendant to be duly subpoenaed before them, to testify as a witness to the facts and matters alleged in said indictment; and that he was by said grand jury then and there, before the finding or presenting of said indictment, compelled to testify, and did testify as a witness in said cause, and then and there to disclose as such witness all the facts and matters alleged in said indictment, and to prove the said offence charged in the said indictment."

To this paragraph the State demurred, on the ground that it did not state facts sufficient to constitute an answer. The demurrer was overruled, and the State excepted, and reserved the point of law for the decision of this court. A replication in denial was then filed, and the cause was submitted to

the court for trial, who found the appellee not guilty on the defence, as stated in the second paragraph of the answer.

The paragraph of the answer in question was predicated upon section 89, 2 G. & H. 410, which provides, that any person called as a witness to testify against another for gaming, is a competent witness to prove the offence, although he may have been concerned as a party, and is compelled to testify as other witnesses, but he shall not be liable to indictment or punishment in any such case.

In our opinion, the answer is bad. To exempt a person from prosecution or punishment on the ground that he has been compelled to testify as a witness, under sec. 89, *supra*, it must appear that he was compelled to testify against another for gaming. This answer shows that the appellee was compelled to testify touching a wager on the result of an election, and not to prove the offence of gaming. Betting upon the result of an election is not gaming ; an election is not a game. *Woodcock* v. *McQueen*, 11 Ind. 14; *M'Hatton* v. *Bates*, 4 Blackf. 63.

In our opinion, the decision of the court below overruling the demurrer to the second paragraph of the answer was erroneous.

As this court is not authorized to reverse a judgment of acquittal in a criminal prosecution, the judgment of the said Morgan Circuit Court is affirmed, at the costs of the appellee.