FRAZEE v. THE STATE.

CRIMINAL LAW.—*Betting on Election.*—*Indictment.*—An indictment charged the defendant with having "lost and paid to" a person named a certain sum, by "unlawfully betting and wagering" such sum, with such person, on a certain election.

*Held*, on motion to quash, that, under the act of August 24th, 1857, 2 R. S. 1876, p. 468, note 2, *b*, "to prevent betting on elections," etc., the offence is committed by the mere betting, while by section 28 of the act defining misdemeanors, 2 R. S. 1876, p. 468, the offence is not committed until the article bet is lost or won.

*Held*, also, that a conviction under such indictment can not be had without proof that the defendant had lost and paid such sum, on such bet.

SAME.—*Evidence.*—*Contents of Writing.*—Parol evidence of the contents of a written memorandum of the terms of a bet on the result of an election, without first duly accounting for its absence, is inadmissible.

SAME.—*Gaming.*—Under the law of this State, betting upon the result of any election is gaming. *The State* v. *Henderson*, 47 Ind. 127, overruled.

SAME.—*Witness.*—*Compelling Party to a Bet to Testify.*—Either of the parties to a bet upon the result of any election may be compelled to testify in relation thereto, in a criminal prosecution of the other party therefor, but he can not then be prosecuted or punished therefor.

From the Fayette Circuit Court.

*L. W. Florea* and *G. C. Florea*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—The appellant was indicted by the grand jury of the court below, at its Fall term, 1876.

Omitting all merely formal matters, the indictment charged, that, on the 15th day of October, 1876, in Fayette county, Indiana, the appellant "then and there un-

lawfully lost and paid to one Samuel Caldwell twenty-five dollars, by then and there unlawfully betting and wagering with said Samuel Caldwell, for said twenty-five dollars, upon the result of a certain election had and held on the 10th day of October, A. D. 1876, in the State of Indiana, for the election of a Governor for said State."

The appellant moved the court below, in writing, to quash the indictment, which motion was overruled, and appellant excepted.

Upon arraignment, the appellant's plea to said indictment was, "not guilty." By consent, the cause was tried by the court without a jury, and the court found the appellant guilty as charged in the indictment, and assessed his fine at fifteen dollars. And the appellant's written motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered by the court below on its finding, from which judgment this appeal is now prosecuted.

The appellant has assigned, in this court, the following alleged errors of the court below:

1st. In overruling his motion to quash the indictment; and,

2d. In overruling his motion for a new trial.

We will consider and decide the several questions presented by these alleged errors in the order of their assignment.

1. The first question for our consideration is this: Did the court below err in overruling the appellant's motion to quash the indictment?

We have two statutes in this State on the subject of betting on the result of an election, both of which were enacted in the year 1857; and, as neither of them contained an emergency clause or section, they both became laws on the same day, to wit, on the 24th day of August, 1857. One of these statutes was an amendment of section 28 of the misdemeanor act of June 14th, 1852, so as to make it apply, in express terms, to betting "upon the re-

sult of any election." As amended, this section now reads as follows:

"Sec. 28. Every person who shall by playing or betting at or upon any game or wager, or upon the result of any election, either lose or win any article of value, shall be fined in any sum not less than the value of the article so lost or won, nor exceeding twice the value thereof, and any one of the persons so betting or playing may be compelled to testify against the others therein concerned." 2 R. S. 1876, p. 468.

The other statute, above referred to, is entitled "An act to prevent betting on elections, and providing punishment for the same;" and, omitting the enacting clause, it reads as follows:

"That any person who shall bet or wager, any money or other valuable property, on the result of any election in this or any other State, shall, upon conviction thereof, forfeit and pay to the State of Indiana, for the benefit of the common school fund, any sum not less than the amount so bet or wagered, nor more than twice said amount." 2 R. S. 1876, p. 468, note 2, b.

From a comparison of the provisions of the above recited statutes, it will readily be seen, that, in so far as the subject we are now considering is concerned, there are some very material differences between the two statutes. Under the first cited statute, the offence does not consist, as it does in the latter statute, in the mere betting of some article of value on the result of any election; but, under the former statute, the party so betting must either lose or win such article of value, or he can not be subjected to the penalty prescribed in said statute.

Again, under the former statute, "any one of the persons so betting * * * may be compelled to testify against the others therein concerned," while the latter statute contains no similar provision.

It is manifest, we think, from the phraseology of the indictment in this case, that it was so framed as to state

Frazee *v.* The State.

an offence, under either of said statutes, in a single count. The question arises, therefore, whether or not this is such a defect in said indictment as that it should have been quashed therefor? We think not, for this reason: that the appellant could not, in our opinion, have been found guilty of any charge in the indictment, without proof of the fact that he had lost and paid, as charged, the sum of twenty-five dollars.

It seems to us, that no error was committed by the court below in overruling the appellant's motion to quash the indictment.

2. Among the causes for a new trial, assigned by the appellant in his motion therefor, addressed to the court below, was the following:

"5th. Because the court erred in permitting the State, by her attorney, over the objection of the defendant, to ask Frank Williams, her witness, while on the stand, on his examination in chief, the following question, to wit: 'State what writing or figures were on the envelope,' before requiring the production of said envelope, or an accounting for its absence, to which ruling of the court the defendant, at the time, objected."

It appears from the record, that, when the question set out in this cause for a new trial was propounded to the witness, the appellant objected thereto, "for the reason that the same was illegal and incompetent, and because the State did not produce said envelope, or make any effort to produce the same, or in any manner account for its loss or absence," which objections were overruled by the court below, and the appellant excepted. The witness then answered said question as follows:

"These words were on the envelope:

"'If Blue Jeans Williams is elected Governor, (or Governor of Indiana, I can not say positively which,) to give the envelope to Mr. Caldwell;'

"On the other side:

"'If Harrison was elected, to hand it to Frazee.'

" These were all the marks that were on the envelope."

It is very clear to our minds, that the court below erred in the admission of this evidence, over the appellant's objections. The decision of the court is in direct violation of several elementary rules in the law of evidence. The writing itself on the envelope was the best evidence of what the writing was, and parol evidence was inadmissible to prove the contents of such writing; until its absence or non-production was satisfactorily accounted for, either by proof of the loss or destruction of the writing, or, if it was in the appellant's hands or under his control, by his failure to produce it, on proper and reasonable notice. 1 Greenl. Ev., sec. 275, *et seq.*

The supposed bet or wager, for which the appellant was prosecuted, it was charged in the indictment, was made by him with one Samuel Caldwell. On the trial of this cause, in the court below, the State called this Samuel Caldwell as a witness, and propounded to him certain questions in relation to the alleged bet on which the indictment is predicated. These questions the witness refused to answer, because his answers thereto would criminate himself, and would compel him to testify against himself; and the appellant also objected to the questions for the same reasons, and because they were illegal and incompetent; but the court below overruled the objections, and, the appellant's exceptions having been saved, compelled the witness to answer the questions.

By the last clause of the 14th section of the Bill of Rights, in our state constitution, it is expressly provided, that "No person, in any criminal prosecution, shall be compelled to testify against himself." 1 R. S. 1876, p. 23.

Under this provision, it would seem to be a clear proposition, that, if Caldwell's evidence, in answer to the questions he was compelled to answer, could be used in any prosecution against him for his participation in the offence for which the appellant was then on trial, then the court below erred in compelling him to

testify. Such was the construction given by this court to the clause cited from our state constitution, in the case of *Wilkins* v. *Malone*, 14 Ind. 153, and we adhere to that construction. It was there held substantially, notwithstanding the constitutional provision above cited, that a witness might be compelled to testify, even though his evidence might criminate himself, if the law provided that his evidence should not be used in any prosecution against him. It remains to be seen, therefore, whether or not the law provided that the evidence of Caldwell, in this case, should not be used in any prosecution against him for his participation in the offence charged against the appellant.

It is evident, we think, from the amended section 28, above cited, of the misdemeanor act, that the law regards betting upon the result of any election as gaming. Indeed, under this section, before its amendment, and when it applied to games and wagers only, and was silent on the subject of betting upon the result of any election, it was held by this court, in the case of *Hizer* v. *The State*, 12 Ind. 330, that a bet upon the result of an election was an offence within the meaning of said section. We conclude, therefore, that, under our law, betting upon the result of any election is gaming.

The 89th section of our criminal code reads as follows:

"Sec. 89. Any person, called as a witness to testify against another for gaming, is a competent witness to prove the offence, although he may have been concerned as a party, and is compelled to testify as other witnesses; but he shall not be liable to indictment or punishment in any such case." 2 R. S. 1876, p. 395.

It seems to us, that this section is directly applicable to the question we are now considering, and that, under its provisions, the court below did not err in compelling Samuel Caldwell to testify as a witness, when called by the State. For, although he may have been compelled to testify that he won the appellant's money by betting.

upon the result of the election for Governor, yet, as he can neither be indicted nor punished, under the terms of said section, for his participation in said betting, it is clear that his evidence can not be used against him.

For the error of the court below, in the admission of parol evidence of the writing on the envelope, we hold, that the court erred in overruling the appellant's motion for a new trial.

The case of *The State* v. *Henderson*, 47 Ind. 127, in so far as it is in conflict with the decision of this case, is overruled.

The judgment is reversed, and the cause remanded for a new trial.