## CALDWELL v. THE STATE.

CRIMINAL LAW.—*Betting on Election.—Parol Evidence of Terms of a Writing.*—Parol evidence of the contents of a memorandum of the terms of a bet upon the result of an election is inadmissible, without first accounting for the absence of such memorandum.

From the Fayette Circuit Court.

*W. C. Forrey*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

NIBLACK, J.—The indictment on which this prosecution was based charged, "that, on the 15th day of October, A. D. 1876, and in the county of Fayette and State of Indiana, Samuel Caldwell then and there unlawfully won and took from one Marshal Frazee twenty-five dollars, by then and there unlawfully betting and wagering with him, said Marshal Frazee, for said twenty-five dollars, upon the result of a certain election had and held on the 10th day of October, A. D. 1876, in the State of Indiana, for the election of a Governor of said State."

The defendant moved the court to quash the indictment, but his motion was overruled.

The court to which the cause was submitted for trial

found the defendant guilty as charged, and, overruling a motion for a new trial, rendered a judgment of conviction upon the finding.

On the trial, one Frank Williams was produced on behalf of the State, who testified, that, sometime in the Fall, 1876, but before the state election of that year, Caldwell and Frazee came to him with an envelope, but he could not tell just what was said by them ;—he was, however, to hand over the envelope to one of the parties, on a contingency; and that, after the election, he had given the envelope to Caldwell. The prosecuting attorney asked the witness to " state what writing or figures was on the envelope." The defendant objected to the witness answering that question, upon the ground that his answer would not afford the best evidence of the contents of such writing or figures, but the court overruled the objection, and the witness answered, in substance, as follows :

" The words on the envelope were, ' If Blue Jeans Williams is elected Governor, or Governor of Indiana,' I can not say positively which, ' to give the envelope to Mr. Caldwell.' On the other side, ' If Harrison is elected, to hand it to Frazee.' These were all the marks that were on the envelope."

In the case of Frazee v. The State, 58 Ind. 8, which was, in its essential features, the counterpart of the one in hearing, it was held that evidence, in substance the same as above set out, was erroneously admitted, upon the ground that the non-production of the envelope was not satisfactorily accounted for, and that no proper foundation had been laid for secondary evidence of the contents of the writing upon it.

Following that case, as we feel it our duty to do, we have to hold that the evidence admitted in this case as above, over the objection of the defendant, was admitted erroneously.

For that error the judgment will have to be reversed.

Other questions are presented by the record, but they have all been ruled upon and settled in the case of *Frazee* v. *The State, supra*, and we need not further consider them at the present hearing.

The judgment is reversed, and the cause remanded for a new trial.