Schlosser v. Smith.

Filed Jan. 23, 1884.

---

No. 9652.

## SCHLOSSER v. SMITH.

GAMING.— *Wager on Election.—Recovery of Money Lost.—Statute Construed.—* In the absence of a statute authorizing it, money lost upon a wager can not be recovered back, and section 4951, R. S. 1881, does not authorize it where the bet was on the result of an election.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe*, for appellant.

*J. M. Rabb* and *C. V. McAdams*, for appellee.

ELLIOTT, J.—The appellant's contention is that he is entitled to recover $600 wagered by him on the presidential election of 1880, and won by the appellee.

The foundation of appellant's position is the following statutory provision: " If any person by betting on any game,

Schlosser v. Smith.

or betting on the hands or sides of such as play at any game, shall lose to any one any money, or valuable thing, and shall pay or deliver the same, or any part thereof, the person so losing and paying or delivering the same may, within six months next following, recover the money or other valuable thing so lost." If this statute applies to an election the appeal must be sustained; otherwise it must fail, for unless there is a statute expressly giving a right to recover money lost on a wager no such right exists.

It will be observed that the terms of the statute are free from obscurity and are applicable only to money or property lost by betting "on a game." If the national election can be justly said to be "a game," then the statute governs; otherwise it can have no application. It seems very clear to us that an election is not a game, and so hold the cases of *McHatton* v. *Bates*, 4 Blackf. 63; *Woodcock* v. *McQueen*, 11 Ind. 14; *Woodcock* v. *Palmer*, 12 Ind. 482. In *State* v. *Henderson*, 47 Ind. 127, it was said, citing *Woodcock* v. *McQueen*, *supra*: "An election is not a game." In the cases of *Morris* v. *Philpot*, 11 Ind. 447, and *Smart* v. *State*, 18 Ind. 19, the case of *Woodcock* v. *McQueen*, *supra*, was fully approved. The cases of *Parsons* v. *State*, 2 Ind. 499, and *Hizer* v. *State*, 12 Ind. 330, are not in conflict with the cases we have cited, and as is evident from the reasoning of the court in *Woodcock* v. *McQueen*, *supra*, rest upon the provision of the statute making it unlawful to bet on any wager, for in the case just cited the following quotation is made from *McHatton* v. *Bates*, *supra*: "No reasoning is required to prove that a wager is not a game, for the proposition is self-evident." and the court adds: "It is equally self-evident that a game is not a wager." The case of *Frazee* v. *State*, 58 Ind. 8, is based upon a statute altogether different from that which authorizes the recovery of money lost by betting on a game, for the statute on which that case rests, in express terms, makes it a misdemeanor to bet on the result of an election,

and by fair implication makes the procedure in prosecutions for gambling apply to prosecutions for betting on elections. *State* v. *Henderson, supra,* is overruled by *Frazee* v. *State, supra,* in so far as it holds that the practice in prosecutions for gambling does not prevail in prosecutions for betting on elections, but the denial of the doctrine of *State* v. *Henderson, supra,* on that point by no means leads to the conclusion that the other cases we have here cited were doubted or denied. The question we have now in hand was not directly or indirectly involved in *Frazee* v. *State, supra.*

The statutory provision we have quoted changes the common law rule in so far as concerns the recovery of money or property lost by betting on a game. By the common law, money lost by betting could not be recovered, but might be stopped in the hands of the stakeholder, and the statute modifies this rule so as to allow the recovery of money or property lost by betting on a game. *Frybarger* v. *Simpson,* 11 Ind. 59; *Philpot* v. *Morris, supra; Alexander* v. *Mount,* 10 Ind. 161; *Burroughs* v. *Hunt,* 13 Ind. 178.

Judgment affirmed.

