## TAYLOR v. MOORE.

[No. 2,536.   Filed June 9, 1898.   Rehearing denied Oct. 4, 1898.]

GAMING.—*Wager.—Disaffirmance.—Recovery of Money in Hands of Stakeholder.*—Either party to a wagering contract may disaffirm such contract before the determination of the event upon which the wager is laid, and may maintain an action against the stakeholder for the recovery of the money or property in his hands so wagered, after a demand made upon him for the surrender thereof.

From the Rush Circuit Court. *Affirmed.*

*Smith, Cambern & Smith*, for appellant.

*Cullen, Martin & Megee*, for appellee.

BLACK, J.—The appellee as plaintiff, recovered judgment against the appellant for $107.00. The appellant has presented the question as to the sufficiency on demurrer of a paragraph of complaint in which it was shown that on the 9th of March, 1896, the appellee executed and placed in the hands of the appellant a check drawn on the Rush County National Bank, of Rushville, Indiana, the check being payable to George W. Offutt or bearer; that it was so placed in the hands of the appellant upon a wager between the appellee and said Offutt, to be delivered by the appellant to said Offutt upon the determination of a certain event, provided said Offutt should be the winner of said wager; that before the determination of the event upon which the wager was made, the appellant delivered the check to said Offutt, who presented it to said bank for payment, and it was paid by the bank out of the funds of the appellee; that said Offutt afterward

gave the proceeds of said check to the appellant, who thereupon deposited the same in said bank, and caused the same to be placed to his credit in said bank, and the money still remained in the bank to the credit of the appellant; that before the wager was determined, the appellee notified the appellant that the former "disaffirmed said illegal contract, and demanded said amount from" the appellant.

Money won on any wager and paid or delivered to the winner with the consent of the loser can not be recovered back without provision to such effect by statute. *M'Hatton* v. *Bates*, 4 Blackf. 63; *Woodcock* v. *McQueen*, 11 Ind. 14; *Morris* v. *Philpot*, 11 Ind. 447; *Schlosser* v. *Smith*, 93 Ind. 83; *Davis* v. *Leonard*, 69 Ind. 213. In *Alexander* v. *Mount*, 10 Ind. 161, it was held that a party to a bet upon an election might recover from the stakeholder the amount staked, if such party had notified the stakeholder at any time, while the money was still in his possession, not to pay it over, whether or not the contingency on which payment depended had happened at the time of such notice; and that if, after such notice, the stakeholder paid the wager to the winner, the loser did not need to demand repayment before suing the stakeholder. See, also, *Morris* v. *Philpot*, *supra*; *Frybarger* v. *Simpson*, 11 Ind. 59; *Burroughs* v. *Hunt*, 13 Ind. 178. The action against the stakeholder to recover the amount deposited by the party suing, still remaining in the hands of the stakeholder, is not a suit on the contract of wager, but is based upon a disaffirmance of that contract, and is an action for money had and received for the plaintiff's use. *Worthington* v. *Black*, 13 Ind. 344.

The complaint does not show the character of the event upon the determination of which the check or money was to be given by the stakeholder to the winner. It does not show which party was the winner, or

Taylor *v.* Moore.

indeed, that the event on which the wager was laid had transpired. It appears that the stakeholder, through the payee of the check, had drawn the money upon it before the determination of the event upon which the wager was made, and still retained it. When the money thus came into the possession of the appellant it was the appellee's money held by the stakeholder. Before the determination of the wager, that is, before either party to the wager had become a winner or loser, and hence while the appellee's property was held by the stakeholder as such, the appellee gave notice of his disaffirmance of the contract to the stakeholder and demanded the money from him.

Our courts will not lend their aid to the winner to recover from the loser money won upon any gaming contract, but in the action for such recovery will treat the wagering contract as void. We are of the opinion that where money or property staked upon any wager is still in the hands of the stakeholder, either party to the wagering contract may disaffirm it by giving notice to that effect to the stakeholder, and, having demanded of the stakeholder the return of the money or property so held by him for such party, may have his action against the stakeholder, at least when such disaffirmance and demand precede the determination of the event upon which the wager was laid, which is as far as the decision need extend under the facts of the case before us. See 8 Am. & Eng. Ency. of Law, 999. Judgment affirmed.

Henley, C. J., took no part in the decision of this cause.