## EX PARTE ROWE ON HABEAS CORPUS.

Where the answer of a witness would subject him to criminal punishment, he is not privileged from answering, on the ground that his answer would disgrace him, but *solely* on the ground that he is not compelled to criminate himself.

The only case where the witness is privileged from answering a question on the ground that his answer would disgrace him, is, when it is not pertinent to the issue.

The amendatory act of 1855 provides that "the testimony given by such witness shall in no instance be given against himself, in any criminal prosecution;" the witness having thus the protection contemplated by the Constitution, is bound to answer.

This was an application for a rehearing of an application for discharge of the petitioner on *habeas corpus*, the petition having, on the first hearing, been denied. The petitioner was committed for refusing to answer, under order of Court, certain questions propounded to him by the grand jury, in an examination concerning the disposition of certain moneys taken from the State Treasury.

The grounds taken for the petitioner were that his answer would disgrace him, and would tend to subject him to punishment for a felony.

*Botts* for Petitioner.

*Hereford* Contra.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., and TERRY, J., concurring.

The decision of this case upon the writ of *habeas corpus*, involved very important principles, and as no written opinion was then delivered, it is proper now to state the grounds of that decision.

The only question properly presented in this case, regards the construction and constitutionality of the fifth section of the amendatory act of April 16, 1855.

A witness is privileged from answering in two distinct cases, resting upon entirely different grounds. First, when the answer tends to subject him to criminal punishment; and, second, when the answer is not to any matter *pertinent* to the issue, and the answer would disgrace him, as when upon cross-examination he is

asked a question, the answer to which would tend to destroy his credibility as a witness.

The authorities apparently differ in reference to the second case, but this difference is more apparent than real. Certain general expressions are used by Judges in their opinions, which do not keep in view the distinction between the two classes of cases; but when we look to the facts of the particular case, it will often be seen that it is not an authority in point. The rule, as laid down in 2 Phillips on Evidence, 421, is the true rule, as is fully shown in the authorities mentioned in the notes of Cowen and Hill, note 383, p. 743. The four hundred and eighth section of our Practice Act substantially adopts the same rule, except when the witness has been convicted of a felony.

The difference between the two classes of cases is further shown from the fact, that when the answer would tend to disgrace a witness, and the question is not *pertinent*, the Court will not even permit the question to be asked; while in the other case, the question *may be asked*, and the witness must put himself upon his privilege. When the question is properly put, and the witness refuses to answer, his refusal is given under oath, and that refusal subjects him, practically and morally, to the same disgrace as if he had answered.

It is not, then, upon the ground that the answer would disgrace the witness, that he is privileged from answering in a case where his answer would tend to subject him to criminal punishment; but *solely* upon the ground that he shall not be compelled to give evidence against himself in a criminal case.

The provision of our Constitution was solely intended to protect the witness from being compelled to testify against himself in regard to a criminal offence, and when the answer would not involve criminal consequences, the Constitution has no provision that will reach the case. The language of our Constitution is that "no person shall be compelled, in any criminal case, to be a witness against himself." He cannot, then, be a witness "*against himself*," unless his testimony can be used against him in his own case. The amendatory act of 1855 provides that "the testimony given by such witness shall in no instance be used against himself in any criminal prosecution."

We think the statute gives the witness that protection which was contemplated by the Constitution, and that therefore the prisoner in this case was bound to answer.

Application for rehearing denied.