*J. U. Pettit, C. Cowgill,* and *J. T. Conner*, for the appellant.

———————

WILKINS and Others *v.* MALONE.

Section 14 of article 4 of the constitution literally extends to criminal prosecutions only; but in its spirit and intent, it protects a person from a compulsory disclosure in a civil suit of facts which might subject him to a criminal prosecution.

But the statute providing that a person charged in a civil suit with taking illegal interest may be required to answer, and that his answer shall not be used against him in a criminal prosecution for usury, is not unconstitutional.

The section in question does not extend to mere penalties and forfeitures.

APPEAL from the *Posey* Court of Common Pleas.    *Tuesday,*
                                                 *May 29.*
WORDEN, J.—*Malone* brought suit against *Wilkins* and
others on a promissory note.

The defendants pleaded usury. Replication in denial, and trial by the Court; finding for the plaintiff for the full amount appearing to be due on the note, and judgment on the finding, a new trial being refused.

On the trial, the defendants offered to examine *Malone*, the plaintiff, as a witness in the cause, to prove the usury set up in the answer; but the plaintiff objected on the ground that such examination would criminate himself, and the objection was sustained by the Court, and the defendants were not permitted to examine the plaintiff as to the alleged usury. This ruling presents the only question involved in the case.

The 51st section of the act defining and punishing misdemeanors (2 R. S. p. 440), makes it a penal offense to

"receive or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law."

The 14th section of the first article of the constitution of the state provides, that "No person, in any criminal prosecution, shall be compelled to testify against himself."

Literally, this provision extends to criminal prosecutions only, and not to civil actions; but we think its spirit and intent go much farther, and protect a person from a compulsory disclosure, in a civil suit, of facts tending to criminate the party, wherever his answer could be given in evidence against him in a subsequent criminal prosecution. As was said of a like provision, by the Supreme Court of *Georgia*, in the case of *Higdon* v. *Heard*, 14 Geo. R. 255, "by it all persons are protected from furnishing evidence against themselves which may tend to subject them to a criminal prosecution."

Were there no other statutory provisions bearing on the subject, the ruling below would have been, without doubt, correct.

In 1 R. S. p. 345, are found the following sections:

"Sec. 6. Any person charged with taking illegal interest, may be required to answer on oath in any civil proceeding."

"Sec. 8. Any officer or agent of a corporation, whether interested or not, may be summoned as a witness, in an action for usury against such person or corporation, and required to disclose all the facts of the case; but the testimony of such witness, or the answer of a party as required in section six, shall not be used against such witness or party in any criminal prosecution for usury."

The counsel for the appellee insists that although the testimony thus provided for cannot be given in evidence against the party in a criminal prosecution for usury, yet that the constitution protects him from being thus compelled to testify. He argues as follows:

"There is no provision in the code exonerating the party or witness from criminal prosecution after examination. He is still liable to be accused and convicted. This being

the case, the protection provided for the witness or party in § 8 amounts to no protection at all. True, the 'testimony of such witness, or the answer of a party,' shall not be used against him in a criminal prosecution for usury; but to what does this amount? You shall not be permitted to prove what he testified, but you can make him give a detailed statement of all the facts and circumstances under oath, and then, by the light thus thrown upon the case, you can bring in other witnesses and convict him. Would not such a course tend to criminate the party? If this evasion of the spirit of our constitution can be applied to cases of usury, it can, with the same propriety, be applied to every other crime; and where usury has been taken under pretended sales, the party examined would be compelled to furnish the key that would unlock all doubts, and lead him to his own conviction."

The statute having provided that a party charged with taking illegal interest may be required to answer, and that his answer shall not be used against him in a criminal prosecution for usury, we think that his constitutional rights are substantially protected by the exclusion of his answer, in a criminal prosecution for usury; and that he may be required to answer in a civil proceeding.

But two cases that seem to bear directly upon this point have come under our notice, one of which is *Higdon* v. *Heard*, *supra*, and the other is *The State* v. *Quarles*, 8 Eng. (Ark.) 307.

In *Higdon* v. *Heard*, it was held that an act requiring a defendant to answer as to gaming, on a bill in chancery for discovery, was valid, and not in conflict with the constitution, as the constitution itself would furnish the party a protection by excluding the answers thus elicited, in any subsequent criminal case. According to this case, had our law stopped with requiring the party to answer as to the usury, and made no provision excluding the answers given from being used in a criminal case, it would still have been valid, and the party would have been bound to answer in a civil proceeding; the constitution itself, without any statute, furnishing its own protection, and exclud-

May Term,
1860.

WILKINS
v.
MALONE.

ing the evidence thus elicited from being given on the trial of a criminal case.

In the case of *The State* v. *Quarles*, it was held that "where two persons are concerned in the commission of a crime (as in gaming), one of them may be compelled, under § 72, &c.,.to give evidence on the trial of an indictment against the other; because, by the provisions of that statute, 'the testimony of such witness shall, in no instance, be used against him in any criminal prosecution for the same offense,' and thus he is protected from self-accusation, and his common-law and constitutional privilege secured to him."

These cases seem to settle the principle involved in the case at bar. The constitutional provision in question is thoroughly interwoven with the history and principles of the common law. It exempts no one from the consequences of a crime which he may have committed, but only from the necessity of himself producing the evidence to establish it. "It is founded upon the general sense of enlightened men, that compulsory self-accusation of crime is not only at war with the true charities of religion, but has been proven to be impolitic by the truths of history, and the experience of common life." When it is provided that the answers elicited from a party in a civil proceeding shall not be used against him in a criminal prosecution for the usury, it seems to us that his constitutional privilege is fully secured to him. True, he may disclose facts that were before unknown to any officer whose duty it may be to prosecute offenses, or to any one but himself. He may disclose circumstances that may lead to a criminal prosecution. But these facts and circumstances cannot be proven by the answers thus compelled. They must be proven entirely by other means, and the party cannot be said, in any just sense, "to be compelled to testify against himself" in the criminal prosecution, because the evidence which he furnishes in the civil proceeding can, in no manner, be given against him in the criminal. This view is not without close analogy in the principles of the common law. Thus, where confessions have been obtained

from a party under circumstances that would render them inadmissible as evidence in a criminal prosecution against him, and the confessions bring to light facts until then unknown, the facts may be proven by other testimony, although the confessions are wholly inadmissible. Archb. Crim. Pr. (7th ed.) 424.— *The Commonwealth* v. *Knapp*, 9 Pick. 496.

The appellee takes another position as follows:

" Aside from the view I have presented, there is another reason why the ruling of the Court below should be sustained.

" Section 5, 1 R. S. p. 344, provides: 'If interest be paid or reserved at a higher rate than by law allowed, the payer, or his personal representative, may recover such interest, with 10 per cent. damages thereon, by suit, if commenced within one year after payment thereof.'

" Under this section, *Malone* might have been liable for the above penalty, and § 8 would not shield him in a civil suit for the same, as it only applies to criminal prosecutions."

On the supposition that the penalty or forfeiture provided for, is such, that at common law a party would be protected from testifying in relation to it, still it is within the control of the legislature, and they having provided that he should answer, we are of opinion that the act is valid, and that an answer can be legally required. The constitutional provision does not, as we think, extend to mere penalties and forfeitures, but only to " criminal prosecutions."

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. P. Edson*, for the appellants.

*A. P. Hovey*, for the appellee.