Mitchell *vs.* Cothrans and Elliott.

DANIEL R. MITCHELL, plaintiff in error, *vs.* COTHRANS & ELLIOTT, defendants in error.

A verdict of a jury, finding that the taxes on a debt contracted before June 1st, 1865, had not been paid, is on an immaterial issue, and under the decision of the Supreme Court of the United States in the case of Walker *vs.* Whitehead, it was error in the Court below to dismiss plaintiff's action for the non-payment of taxes under the Act of October 13th, 1870.

Constitutional law. Relief Act of 1870. Before Judge HARVEY. Floyd Superior Court. January Adjourned Term, 1872.

Daniel R. Mitchell brought complaint against Cothrans & Elliott on a promissory note, dated February 8th, 1861, due one day after the date thereof, for $8,000 00, besides interest.

Various pleas were filed by the defendants unnecessary to be here set forth. The whole case was submitted to the jury, including the question whether the taxes on the debt had been paid, as required by the provisions of the Act of October 13, 1870. The jury returned a verdict finding that the taxes had not been paid. Whereupon, the Court dismissed the case, and the plaintiff excepted.

WARREN AKIN, for plaintiff in error.

SMITH & BRANHAM; UNDERWOOD & ROWELL, for defendants.

TRIPPE, Judge.

An issue was made and submitted to a jury, under the Act of October 13th, 1870, whether the taxes on the debt sued for had been paid by the plaintiff. The verdict was that the taxes had not been paid. The Court dismissed the case, and plaintiff excepted. In the case of *Walker vs. Whitehead*, taken from this Court by writ of error to the Supreme Court of the United States, that Court decided at its last term that the Act of October 13th, 1870, was in violation of that pro-

vision of the Constitution of the United States which pro-
hibits a State from passing any law impairing the obligation
of contracts. I consider this decision as fully settling the
much discussed question of the constitutionality of this Act.
That was the only point made in the case of *Walker vs.
Whitehead.* The case arose in one of the Superior Courts of
this State. The defendant moved the Court to dismiss it be-
cause no affidavit of the payment of taxes had been filed.
The motion was granted. That decision was affirmed by this
Court, and by writ of error taken to the Supreme Court of the
United States, and the decision thereon made as above stated.
In the certified report of that decision the Court quotes all
that portion of the Act touching the question, and say "a
clearer case of a law impairing the obligation of a contract,
within the meaning of the Constitution, can hardly occur."

When a question has been decided by a tribunal with au-
thority to determine it, it is unnecessary to discuss the reasons
for or against the decision. The Act being then unconstitu-
tional, the verdict of the jury finding that the taxes on the
claim had not been paid, was a verdict on an immaterial issue,
and was no ground for the judgment of the Court below dis-
missing the suit.

Judgment reversed.

WARNER, Chief Justice, concurring.

In my judgment, the Act of the General Assembly of the
13th of October, 1870, denying to the plaintiff the aid of the
Courts to collect his debt until the taxes thereon had been
duly paid for each year, as required by the terms and provis-
ions thereof, is unconstitutional and void for the reasons ex-
pressed in my dissenting opinions in the cases of *Walker vs.
Whitehead,* 43 *Georgia Reports,* 553; *Allison, Anderson &
Company vs. Graham,* 45 *Georgia Reports,* 355, and in my
concurring opinion in *Lott vs. Dysart,* 45 *Georgia Reports,*
358. The case of *Walker vs. Whitehead* was taken up from
this Court by writ of error to the Supreme Court of the United
States, and has been recently decided by the unanimous judg-

Mitchell *vs.* Cothrans and Elliott.

ment of that Court. In delivering its judgment as to the va-
lidity of the Act of 13th October, 1870, the Court say that
" a clearer case of impairing the obligation of a contract,
within the meaning of the Constitution, can hardly occur."
In the case of *Walker vs. Whitehead*, the question was dis-
tinctly made before this Court that the Act of 13th October,
1870, was void because it impaired the obligation of the con-
tract in violation of the Constitution of the United States.
The majority of this Court held, and decided, that the Act
was a constitutional law, and did not impair the obligation of
contracts as prohibited by the Constitution of the United
States. That question was distinctly made in the record be-
fore this Court, and, as a matter of course, was as distinctly
made in that same record when it was taken up to the Su-
preme Court of the United States by writ of error for review
and adjudication there : See *Walker vs. Whitehead*, 43 *Georgia
Reports*, 538. If the judgment of the Supreme Court of the
United States had been in favor of the constitutionality of the
law, the decision of that tribunal would have been an authori-
tative and binding decision upon *the question* involved, and I
should unhesitatingly have acquiesced in it, because it would
have been my plain duty as a judicial officer of the State,
sworn to support the Constitution of the United States, to
have done so.

But as the appellate tribunal has, in the exercise of its ap-
propriate jurisdiction, declared the law in question *unconsti-
tutional and void,* it is equally authoritative and binding upon
the Courts of this State. And such was the opinion and
judgment of this Court in *Mosely vs. Hogg*, 45 *Georgia Re-
ports*, 599. After the Supreme Court of the United States had
decided the question in the case of *White vs. Hart*, taken up
from this Court, that the clause of the Constitution of 1868,
which denied to the Courts of this State jurisdiction or au-
thority to give judgment on or enforce any debt the consider-
ation of which was a slave or slaves, or the hire thereof, was
in violation of the Constitution of the United States, and,
therefore, void, the case of *Mosely vs. Hogg* came before

this Court in a suit on a note given for the hire of a slave. In concurring in the judgment of the Court in that case, my brother, McCAY, properly said: "I concur in the judgment of reversal on the sole ground that the Supreme Court of the United States having decided in the case of *White vs. Hart* that the 17th section, Article V., of the Constitution of 1868 is void, this Court is *bound* to conform *its* judgment to the decision and judgment of the appellate tribunal having jurisdiction of *the question.*" In the case of *Walker vs. Whitehead*, the Supreme Court of the United States had the same jurisdiction of the question whether the Act of 13th October, 1870, was a valid constitutional law or not, as it had of the question in *White vs. Hart*, whether the 17th section of Article V. of the Constitution of 1868 was a valid or void law, and having decided *the question* that the Act of 13th of October, 1870, is an unconstitutional and void law, this Court is as much *bound* to conform its judgment to the decision and judgment of the appellate tribunal having jurisdiction of *the question* in *that case*, as it was in the case of *White vs. Hart*. If not, why not, is *the* question to be answered. The question involved in both cases for the decision of the appellate tribunal was the constitutionality or unconstitutionality of a State law according to the provisions of the Constitution of the United States. The question decided in *Walker vs. Whitehead* by the Supreme Court of the United States was, that the Act of the 13th of October, 1870, is an unconstitutional void law, and, consequently, does not affect or control the legal rights of anybody, either in this or any other Court. I am, therefore, of the opinion that the judgment of the Court below should be reversed.

McCAY, Judge, dissenting.

After much reflection as to my duty in these cases, I feel constrained to dissent from the judgment of the Court. I do not think the decision of the Supreme Court of the United States in the case of *Walker vs. Whitehead*, controls or should control any other case than that in which it was pronounced.

Mitchell *vs.* Cothrans and Elliott.

As a general rule, it is the duty of a Court, from whose judgments there is an appeal, to conform to what it has good reason to know will be the judgment of the appellate tribunal. It is also generally true, that a judgment in a similar case is good evidence of what will be the holding in other cases. For this reason I have not hesitated to conform my judgment in the slave debt cases, and in the homestead cases, to the opinions announced by the Supreme Court of the United States, in the two cases in which the laws of this State on those matters were declared unconstitutional, though I thought those opinions wrong. I think, however, the opinion of that Court, in the case of *Walker vs. Whitehead,* in which the validity of the Act of October 13th, 1870, in relation to the payment of taxes was questioned, does not stand on the same footing.

The jurisdiction of the Federal Court, by writ of error from a State Court, is, under the Constitution and laws, of a very limited character. Indeed, it exists, but for one purpose and upon one point—to-wit: when a State Court has given a judgment claimed to be contrary to the Constitution of the United States or to a law of Congress, in conformity with the Constitution. In the exercise of that jurisdiction the Court is confined to that question; and however wrong the judgment of the State Court may be on other points of the case, unless in *giving the judgment,* it has *enforced* a principle in violation of the Constitution, or contrary to an Act of Congress, the uniform rule of the Supreme Court is not to interfere. The jurisdiction rests upon the duty and the right of the proper branches of the Federal Government to enforce the Federal Constitution and the laws of Congress, passed in pursuance of it. It does not arise by virtue of any abstract power to declare a State law unconstitutional; but it turns upon the duty of the Court to reverse a judgment which is contrary to the Constitution and laws of the United States. Nor does it make any difference whether that judgment is based on a State statute or on a principle of the common law, or what not, still, if the State Court has, by any judgment it

Mitchell *vs.* Cothrans and Elliott.

has made, violated the Constitution, or gone contrary to an Act of Congress, the jurisdiction arises. It follows from the very nature of the jurisdiction, therefore, that the construction given by the State Court to a State law is the very essence of the jurisdiction of the Federal Court. Its power to interfere is not against the law, but against the construction of the law by the State Court.

However plainly it may appear to the Supreme Court of the United States that the words of a State law contravene the Federal Constitution or Act of Congress, yet if the State Court has only enforced it under a construction which does not contravene the Federal law, the Federal Court cannot interfere. It may be added, though, this is only a necessary corollary from the nature of things, that the construction of the State law is with the State and not with the Federal Court.

To apply these principles to the case in hand. The Act of October 13th, 1870, enacted "that in all suits pending on a certain class of debts, it should be the duty of the plaintiff within *six months after the date of the Act*, to file an affidavit that all legal taxes due upon the debts sued on had been duly paid for each year since the making of the debt, and it provides that if this affidavit was not filed, the suit should be dismissed."

It is obvious that if this Act intended to say that if the plaintiff failed to swear that he had, at the proper time required by law, during the past year, paid the taxes, his case should be dismissed, it might be very positively said that here was a penalty for failing to do an act, which, at the time of the failure, had no such penalty. But it is equally obvious that if the Act means to give to the plaintiff six months, within which he may pay the tax, if he has not paid it; if the Act is to be construed to mean that all legal taxes have been duly paid at the time the affidavit is filed, the question would be a very different one. This Court gave the Act the latter construction. The opinion of the Court in *Walker vs. Whitehead* assumes this Court to have given it the former. In its decisions upon that Act, this Court has uniformly held that

Mitchell *vs.* Cothrans and Elliott.

the Act was not retrospective; that under our Code, section 866, any tax payer might give in and pay taxes due for former years, but not given in and paid at the proper time; that the Act of October 13th, 1870, only operated against those who failed and refused, after the passage of the Act, to pay to the State the taxes due, and that any person might, after the passage of the Act, pay the tax, and if he did so, he was not affected by the Act. And so construing and so enforcing the Act, we held it not in violation of the Constitution of the United States, that it was not an *ex post facto* law, or law impairing the obligation of contracts, because it gave to all persons affected by it a full and fair opportunity to pay the taxes and escape the operation of the law.

Had the opinion of the Court in *Walker vs Whitehead* declared that the Act of October 13th, 1870, was unconstitutional, even with this construction upon it, I should not have a word to say. I might think the judgment wrong, but I should conform to it, because upon such questions the Supreme Court is an appellate tribunal from this Court.

But the opinion in *Walker vs. Whitehead* does not do this. The Court in that case, ignoring entirely the construction this Court put upon that Act, puts a construction of its own upon it, and declares, with that meaning put upon it, the Act is unconstitutional, as it is in the nature of an *ex post facto* law. I am satisfied that this opinion of the Supreme Court was not made with a knowledge upon the part of the Court, of our tax laws, or of the construction put by this Court on the Act of October 13th, 1870.

It is well known as a fact that the case was not argued for the defendant in error. It is, besides, a settled rule of the Supreme Court that in such cases it will only pass upon the validity of the law, *as construed by the State Courts,* and that it holds itself bound by that construction. And this, not only because it is a proper rule, but because, by the Constitution and laws of the United States, the Supreme Court has no jurisdiction to pass upon a State law as an abstract thing, but only on such laws as they are expounded and enforced by the

State Courts. The jurisdiction arises not upon the law, but upon its enforcement and upon the construction given to it by the State tribunals. It is not the custom of the Supreme Court of the United States, nor has it the legal or constitutional right to go behind the construction given to a State law by the State Courts to find a meaning to a law, and then to determine that as said law has such a meaning, it is void. If a question arises as to what *a contract is*—as, for intance, a charter—either Court will, *in such cases*, construe the law. But as to what is the meaning and proper construction of the law which is claimed to impair the contract, the construction of the State Court is conclusive. And this, as I have said, both because this is a proper rule and because the jurisdiction of the Federal Court is not over the law but over the enforcement of it.

Believing, therefore, as I do, that the decision in *Walker vs. Whitehead*, quoted here as binding authority was made withont argument, and upon a construction of the Act of October 13th, 1870, already repudiated by this Court, and never in any case enforced by it; and, believing, as I also do, that if the case was properly presented the question really involved would be differently decided, I think this Court should adhere to its former ruling in these cases until the Act of 1870, as construed and enforced by this Court, is declared void.

The above decision disposed of the following cases, all of them involving the same question :

George Winston, administrator, *vs.* L. Gambrill; Charlotte Stallings *vs.* W. S. Chipley ; The Central Railroad and Banking Company *vs.* H. S. Smith ; M. E. Beall, executrix, *vs.* Buckner Beasley ; B. Gibson *et al. vs.* Buckner Beasley ; Stephen Williams *vs.* Frances R. Leonard ; Stephen Williams *vs.* The Mayor and Council of Columbus ; George Winston, administrator, *vs.* L. J. Benning, administrator ; Thomas B. Wooten *vs.* Winter's Palace Mills ; George Winston, administrator, *vs.* The Mayor and Council of Columbus; Stephen Williams *vs.* L. J. Benning, administrator ; Solomon Adkins

*vs.* E. Flewellen, administrator, *et al.;* Robert A. Lane *vs.* E. Flewellen, administrator, *et al.;* Chapman & Threewits *vs.* L. J. Benning, administrator, *et al.;* Chapman & Threewits *vs.* F. R. Leonard, administratrix; George Winston, administrator, *vs.* Francis R. Leonard, administrator; Chapman & Threewits *vs.* The Mayor and Council of Columbus; Andrew Park *et al. vs.* L. J. Benning, administrator, *et al.;* George Winston, administrator, *vs.* Frances R. Leonard, executrix; Thomas F. Brown *vs.* Amanda Robinson, administratrix—all from Muscogee county. Thomas Jones *vs.* Abner Snelson *et al.,* executors; V. A. Gasbill *vs.* Jesse Partridge *et al.;* William Warren *vs.* William F. Morris *et al.;* John R. Jones *vs.* Charles Tillman *et al*—all from Meriwether county. John P. Key *vs.* R. A. Reid, administrator, from Putnam county.