Snell *vs.* The State of Georgia.

50  219
f110 88f

JOSEPH A. SNELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where there was an indictment for larceny after trust delegated, under section 4358 of Irwin's Revised Code, and the indictment charged simply that the defendant had fraudulently converted the proceeds of certain sewing machines entrusted to him for sale on commission, to his own use, without any allegation of any demand for the money or any charge of a failure to pay:

*Held,* That mere proof that the defendant had used a portion of the money for his own purposes, it not appearing that this was done with any fraudulent intent at the time, does not authorize the conviction of the defendant, nor are the allegations of the indictment sustained by proof of a subsequent failure to pay on demand, unless the circumstances of such failure authorize the conclusion that the original use was with fraudulent intent.

Criminal law. Larceny after trust. Demand. Before Judge HOPKINS. Clayton Superior Court. March Term, 1873.

Snell was placed on trial for the offense of larceny after trust. The material portion of the indictment against him was as follows:

"For that the said Joseph A. Snell, in the county aforesaid, on the ...... day of February, 1873, with force and arms, being then and there employed as agent for the Singer Sewing Machine Company, incorporated under and by the laws of the State of New York, by virtue of his said office as agent as aforesaid, then and there, whilst he was so employed as aforesaid, was entrusted by said company with five Singer Sewing Machines, on the day and year aforesaid, for the purpose of selling said machines and paying over the money to said company, and he did sell five machines for $275 00, and fraudulently converted said money, to-wit: $275 00, to his own use."

The defendant pleaded not guilty.

The evidence for the State made substantially the following case:

The defendant was employed as agent of the Singer Sewing Machine Company at the town of Jonesboro, in Clayton county, Georgia, for the purpose of selling sewing machines. Upon all sales he was entitled to receive twenty-five per cent. out of moneys collected. A number of machines were shipped to him, of which he admitted the sale of five. The price of five machines was $400 00, and, consequently, had he collected this amount, he would have had the right to retain $100 00. On January 4th, 1873, the proceeds of these five

machines was demanded from him by the company. He failed and refused to pay it over. He claimed that he had invested $200 00 in a horse, which was to be used in the service of the company. He had no authority to purchase a horse. He had applied to the company for this authority, and it had been refused. He was authorized to invest the proceeds of any subsequent sales in a horse, the amount so used to be paid back out of his commissions as they accrued. The defendant claimed that he had been damaged to a considerable amount on account of the failure of the company to send him a wagon as soon as promised, causing him, by this failure, to lose valuable time. The wagon has been returned; the harness has not. Four of the five machines were disposed of by verbal sales, made on credit. This was contrary to instructions. The other was sold by written lease, in accordance with instructions—that is to say, it was considered as leased until fully paid for. On the sales made, he actually collected, in cash, $197 00, on which amount he is entitled to retain twenty-five per cent. commissions. Payment was stopped by the company of $205 00. The company appealed to the law for the purpose of obtaining the money due.

Much evidence was introduced by the defense to show the exact amount collected in money by the defendant, and also the good faith in which he acted. But as the decision of the Court turns upon the case presented by the prosecution, it is omitted.

The jury found the defendant guilty, but recommended him to the clemency of the Court. A motion was made for a new trial, because the verdict was contrary to the evidence and the law. The motion was overruled, and the defendant excepted.

BYINGTON & WATERSON; W. A. TIGNER, for plaintiff in error.

JOHN T. GLENN, Solicitor General, for the State.

McCay, Judge.

In the case of *McCoy vs. The State*, 15th *Georgia*, 205, this Court held, that, under section 36 of the Code of 1833, (of which section 4358 of Irwin's Code is but a transcript,) the crime of larceny after trust delegated was complete on a fraudulent conversion to the defendant's own use of the thing entrusted. This indictment is only good under that construction of the section. It fails to allege any demand, or even any failure to pay; it goes solely on the fraudulent conversion. We do not think the evidence sustains the indictment. The use of the money by the defendant, as proven, does not at all justify the belief that it was his intent to commit any fraud. He was a factor for a commission, and a rule that the use of the money received by a factor for goods sold by him on commission, is, *per se*, a fraudulent conversion, would be to make criminals of nearly all the factors in the State. It is the usual course of business for a factor to mix the proceeds of his sales with his own funds, and to use them indiscriminately, and if he account with the principal, no harm is done. To make out a case of larceny from the mere use of the article, it must appear that the use was fraudulent; that it was used under such circumstances as to show an intent to deprive the factor of his property. There is nothing in this evidence to justify such a conclusion as to this defendant. He had an interest in the proceeds to the full amount of $100 00, and he had every reason to consider that his interest would increase by his future sales. Nor is there anything in the mode of the use to indicate that it was his intent at the time not to account fully with the principal. This failure to pay does not meet the charge. Had the indictment charged a disposition to the injury of the owner, and without his consent, and a failure to pay, the evidence would, perhaps, sustain it, unless, perhaps, the interference of the father, he being a minor, might excuse the failure. But this indictment goes on the fraudulent conversion solely, and, in order to make out the charge, that must be shown. We will not say this cannot, in any case, be made

out by proof, of a demand and refusal. We can conceive of circumstances where a demand and refusal might show very clearly that the use was originally fraudulent. But there is nothing in this demand and refusal to show that. The failure to pay him is simply because the means are not at hand, or because of the interference of the father, and it is perfectly consistent with an original use, with full intent to account with the principal.

Judgment reversed.