THE GEORGIA RAILROAD vs. CUBBEDGE HAZELHURST & COMPANY.

When one is entrusted with the effects of another, to sell or dispose of them for the benefit of the latter, and to account to him therefor, the mere fact that he who was so entrusted has failed to account does not create a debt which is exempted from a discharge in bankruptcy, under §5117 of the Revised Statutes of the United States, for fraud or embezzlement, or as being a debt created in a fiduciary capacity, there being no proof showing that, in appropriating the property or proceeds, it was done wrongfully and fraudulently and with a fraudulent intent at the time.

(a.) The decision in 44 Ga., 460, and others following are overruled. This is a question arising under an act of congress; and this court will follow the rulings of the Supreme Court of the United States on the subject.

December 1. 1885

Bankruptcy. Fraud. Principal and Agent. Fiduciary Debt. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1884.

Reported in the decision.

HILL & HARRIS, for plaintiff in error.

LANIER & ANDERSON, for defendants.

BLANDFORD, Justice.

The plaintiff sued defendants upon an account. The defendants pleaded that they had been adjudicated bankrupts, and that they had been duly discharged by the judg-

ment of the bankrupt court from the payment of this debt. The proofs showed that the plaintiff had delivered to defendants certain depreciated securities of the city of Macon, to be disposed of by the defendants for the plaintiff, and that the same had been so disposed of before the bankruptcy of defendants, and had not been accounted for by them. The court held that this was a debt from which the defendants were discharged by their discharge in bankruptcy, and directed a verdict for the defendants. This ruling and decision is excepted to, and error is assigned thereon to this court. What was the effect on this debt of the discharge of defendants in bankruptcy? Whatever may have been the rulings of this court on this question, we feel bound by the decisions of the Supreme Court of the United States on this subject. The question arises upon an act of congress, a law passed by congress in pursuance of the constitution of the United States; it is a question peculiarly subject to the cognizance of the courts of the United States; in such a case it is necessary, in order to preserve the harmony of the two jurisdictions of the state and United States courts, that each should yield to the other on all subjects within the peculiar jurisdiction of each court.

Such have been the rulings of this court. And so, we understand, are the rulings of the United States Courts. To hold otherwise, would bring about a conflict between the two jurisdictions; each is supreme in its peculiar jurisdiction. The case of Hennequin and another vs. Clews and another, 111 U. S. R., 676, decides the present case;—it is much like the present case. Hennequin deposited with Clews & Co., as collateral security, certain railroad bonds, to secure the latter for certain drafts drawn by Hennequin on the house of Clews, Habicht & Co., London. Hennequin met these drafts and demanded a return of the collaterals deposited with Clews & Co.; but the latter, having failed in business, did not return them. A suit was commenced by Hennequin & Co. against the parties with whom Clews & Co. had depos-

ited the securities of Hennequin.& Co. and against Clews & Co. The suit was dismissed as to the parties with whom Clews & Co. had deposited these bonds. Clews & Co. pleaded their bankruptcy and discharge; and upon this state of facts, the Supreme Court of the United States held that " one hypothecating to pay a debt due from himself, securities which had been pledged to him to secure the obligation of another, and failing to return them when such obligation is discharged, does not thereby create a debt by fraud or in a fiduciary capacity, which is exempted by §5117, Rev. Stat., from the operation of a discharge in bankruptcy." Mr. Justice Bradley, who delivered the opinion of the court, reviewed all the decisions of that court which had previously been made on that subject, commencing with Chapman *vs.* Forsyth, reported in 2 Howard, 202, which was a case arising under the bankrupt act of 1841, which act had a similar provision to that contained in the act of 1867, as to debts exempt from the operation thereof. In that case, it was held that a factor, to whom cotton had been consigned to sell for his principal, and who became thereby indebted to his principal, was discharged from the debt by having obtained his discharge in bankruptcy.

In Neal *vs.* Clark, 95 U. S., 704, the decision in Chapman *vs.* Forsyth is referred to and approved, and the reasoning of the court in that case is approved. The case of Wolf *vs.* Stix, 99 U. S., 1, is also referred to as approving the doctrine laid down in Chapman *vs.* Forsyth. So, it appears to us that, when one is entrusted with the effects of another, to sell or dispose of such effects for the benefit of that other person, and to account to him for the same, the mere fact that he who was so entrusted has failed to account, does not create a debt which is exempted by §5117 of Revised Statutes of the United States for fraud, embezzlement, or as made in a fiduciary capacity, and that the decision in 111 U. S., 676, of Hennequin *et al. vs.* Clews *et al.*, covers the case at bar. To the same effect is the case of Strang *vs.* Bradner, 114, U. S., 555.

The Georgia Railroad *vs.* Cubbedge, Hazelhurst & Company.

There is nothing in the proofs offered by the plaintiff which shows any postive fraud or· intentional wrong on the part of defendants, and without this, there is no em· bezzlement or larceny after a trust. The conversion must have been wrongful and fraudulent. In the case of *Snell vs. The State*, 50 *Ga.*, 219, this court held, " that mere proof that defendant had used a portion of the money for his own purposes, it not appearing that this was done with any fraudulent intent at the time, does not authorize the conviction of the defendant" of the offense of larceny after trust. This offense is somewhat of kin to embezzle- ment, but there is this distinction : in embezzlement, the person embezzling has the care or custody of the property embezzled, with no power or authority to take or use the property, but does take and appropriate the same ; so the taking and using the property and appropriating the same, is wrongful and fraudulent of itself, and constitutes the crime of embezzling. This wrongful and fraudulent appro- priation creates the debt from which, under the bankrupt act, he cannot be discharged by a discharge in bankruptcy. But the proofs submitted in this case fail to show that these defendants, in appropriating the securities committed to their care by plaintiff, did so wrongfully and fraudu- lently, and with a fraudulent intent at the time, so as to make the act of conversion on their part embezzlement ; and having thus failed to show, the discharge of defend- ants in bankruptcy was a good discharge from the debt of the plaintiff ; and it must follow that the court below did not err in thus holding, and directing that a verdict be had for the defendants.

We are aware that 44 *Ga.*, 460, and other decisions following are to the contrary of what we now decide ; but they were made before the decisions referred to, by the Supreme Court of the United States, were announced, and we think that the latter decisions contain the correct and proper construction of the bankrupt law.

Judgment affirmed.