## WHEATLEY v. THE STATE.

LITTLE, J.　Under the rulings made by this court in *Higdon* v. *Heard*, 14 *Ga.*
255, and *Kneeland* v. *State*, 62 *Ga.* 395, a witness before a grand jury inves-
tigating a charge of gaming preferred against another may be compelled to
answer whether he has seen the latter play and bet at cards for money, in
the county wherein the jury is sitting, within two years prior to the inquiry ;
and this is so although the testimony of such witness may relate to an act of
gaming in which the witness himself criminally participated.

　　　　　*Judgment affirmed.　All the Justices concurring.*
Upon a review of the cases cited supra, four of the Justices of this court, Lump-
kin, P. J., Fish, J., Cobb, J., and Lewis, J., are of the opinion that the decisions
therein, to the effect above indicated, should be overruled ; but as this can
not be done without the concurrence of at least five Justices, the doctrine of
those cases must stand as good law, binding upon the entire court.　For this
reason alone the four Justices herein named concur in the judgment.

Argued October 21,—Decided November 9, 1901.

Rule for contempt.　Before Judge Littlejohn.　Sumter superior
court.　July 23, 1901.

The rule nisi recited that Wheatley, being subpœnaed and sworn
before the grand jury as a witness upon a bill of indictment of the
State against C. C. Clay, charged with the offense of gaming, refused
to answer the following question asked of him by the foreman, to
wit : "Have you seen C. C. Clay play and bet for money at cards
in this county within the past two years ?"　The rule directed that
he answer this question before the grand jury, or show cause why
he should not be punished for contempt of court.　In his answer
to the rule he disclaimed any intention to be in contempt, and stated
that his reason for refusing to answer the question, and the reason
given when the question was propounded, was, that the answer
would tend to criminate him, and that, under the constitution of
the United States and the constitution of the State of Georgia, he
had the right to decline to answer this or any other question the
answer to which would tend to criminate him.　The court, on gen-
eral demurrer, struck the answer to the rule, and granted an order
requiring Wheatley to answer the question or be held in contempt.
This is assigned as error.

*E. A. Hawkins* and *J. H. Lumpkin*, for plaintiff in error : Plain-
tiff in error was privileged, and could not be compelled to give testi-
mony tending to criminate him : Penal Code, §§ 9, 1011, par. 3 ;
Civil Code, §§ 3957, 5703, 6018 ; *Counselman* v. *Hitchcock*, 142

U. S. 547; *Marshall* v. *Riley*, 7 *Ga.* 367 (3); *Thornton* v. *Adkins*, 19 *Ga.* 464; *Bryan* v. *State*, 40 *Ga.* 688; *Southern Ry. News Co.* v. *Russell*, 91 *Ga.* 808; *Moore* v. *State*, 97 *Ga.* 761; *Georgia R. Co.* v. *Lybrend*, 99 *Ga.* 439, 440.    Leave is asked to review *Higdon* v. *Heard*, 14 *Ga.* 255, and *Kneeland* v. *State*, 62 *Ga.* 396, contra. Penal Code, § 404, seeks to take away a constitutional right.

*F. A. Hooper, solicitor-general,* cited: *Higdon* v. *Heard*, 14 *Ga.* 255; *Kneeland* v. *State*, 62 *Ga.* 395.    The amendment to the constitution of the United States, under which the privilege in question is claimed, does not apply to the State courts.    *Thornton* v. *Lane*, 11 *Ga.* 500; *Padelford* v. *Savannah*, 14 *Ga.* 439, 499; *Mitchell* v. *Cothrans*, 49 *Ga.* 131; *Hill* v. *State*, 53 *Ga.* 473; *Foster* v. *Jackson*, 57 *Ga.* 206; *Ga. R. Co.* v. *Cubbedge*, 75 *Ga.* 322; Bishop, Stat. Crimes, § 35 b; Black, Int. Laws, § 144.    Similar statutes have been held constitutional in other States: State *v.* Quarles, 13 Ark. 307; Cossart *v.* State, 14 Ark. 539; Pleasant *v.* State, 15 Ark. 649; Ex parte Rowe, 7 Cal. 184; Wilkins *v.* Malone, 14 Ind. 153; Bedford *v.* State, 115 Ind. 275; LaFontaine *v.* Underwriters Ass'n, 83 N. C. 132; People *v.* Kelly, 24 N. Y. 74; People *v.* Sharp, 107 N. Y. 427; Ex parte Buskett, 106 Mo. 602.