## 19194. BURGE *v.* THE STATE.

DECIDED NOVEMBER 13, 1928.

*C. L. Harris,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J.  J. J. Burge was adjudged in contempt of court and sentenced to serve twenty days in jail and pay a fine of $200. The petition alleges, in substance, that Ellis Conley was a witness under subpoena to appear before the grand jury in the case of the State *v.* Lonnie Morton, charged with selling whisky; that on July 23, 1928, at the noon hour, and before the court-house door, J. J. Burge "violently seized said Conley, drew an open knife, and threatened to cut said Conley's head off;" and that all this was done because of said Conley's attendance as a witness before the grand jury, and in order to intimidate him and prevent him from testifying.

It appears from the record that J. J. Burge's wife ran a filling station, and that Lonnie Morton worked there. A deputy sheriff testified that early in the morning of July 23, 1928, he went to Burge's house to tell him he had come for Morton; that Burge inquired what he wanted with Morton, and he replied, "for selling whisky;" that Burge then asked where he got his information, and he replied, "This old one-arm negro turned him up, and that is the evidence against him;" and that the negro worked for T. J. Royal. There was evidence that Burge approached Conley (a negro man) at the time and place alleged in the petition, with a long, open knife in his hand, and asked him if he had brought liquor from Lonnie Morton; that Conley said he had; that Burge caught hold of Conley, cursed him, and threatened to kill him; and that when others interfered, and just before Burge released his hold on the

negro, Burge said, "I am a good mind to cut your throat." The negro Conley had only one arm. Burge testified in substance that he did not hear the deputy sheriff say anything about a one-arm negro; that a negro told him that Conley worked on Mr. Royal's place; that he approached Conley and told him that he wanted to get information about a negro who was said to have turned up Morton; that Conley refused to answer, was impertinent, and told him to "go to hell;" that he then took hold of Conley and said to him, "Your damn head ought to be cut off for talking as impudent as you talk;" that he did not know Conley, knew nothing about his being a witness before the grand jury, and that he never threatened him or tried to intimidate him.

It was said in the early case of *Howard* v. *Durand, 36 Ga.* 346 (2) (91 Am. D. 767), that "the action of the superior courts in punishing parties for contempt will not be controlled, except they abuse their discretion." In the case of *Warner* v. *Martin, 124 Ga.* 392 (52 S. E. 448, 4 Ann. Cas. 180), Chief Justice Fish, speaking for the court, said: "It is too well settled to need citation of authority that the decision of a judge on the question of contempt will not be disturbed by the Supreme Court, except in a case where such discretion has been grossly abused." The power of the court to punish for contempt is stated in the Civil Code (1910), § 4643. There is no merit in the contention that the court erred in holding the defendant in contempt of court because it did not appear that the alleged offense was committed in the presence of the court, or so near thereto as to interfere with the administration of law and justice. See *Morgan* v. *State, 26 Ga. App.* 83 (105 S. E. 449); *Herring* v. *State, 165 Ga.* 254 (140 S. E. 491).

Clearly the trial judge did not abuse his discretion adjudging Burge in contempt of court, and his judgment so doing will not be interfered with by this court.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*