Northcutt & Northcutt, of Covington, Ky., for plaintiff.

Sawyer A. Smith, of Covington, Ky., for defendants.

**SWINFORD, District Judge.**

The complaint seeks to recover a gambling loss under Sections 372.010 to 372.050, inclusive, KRS. It is alleged that the plaintiff lost $8,060.00 to the defendants at gaming, wagering or betting. The defendants refused to repay this sum or any part of it on demand of the plaintiff.

The defendants have filed a motion to dismiss. This motion should be overruled. The statute expressly provides for such an action and the complaint shows the jurisdiction of both the action and the parties to be in this court.

The plaintiff has filed interrogatories to be answered by the defendant Edward Carr. This motion is based upon the provisions of Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant objects to the interrogatories on the ground that to be required to answer them would tend to incriminate him and that the answers are not necessary to a correct adjudication of the case. He asserts that to be so required would violate his constitutional immunity against being compelled to give evidence against himself. Constitution of the United States, Amendment V.

The plaintiff urges that the motion to dismiss the interrogatories should be overruled since this is a civil proceeding and the statutory enactment giving the right to recover expressly provides for immunity from criminal prosecution. Section 372.030, KRS.

The leading case on this subject is Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 206, 35 L.Ed. 1110. There it was held that the provision in the Constitution was not confined to criminal cases against the party himself, but that its purpose was a guarantee that one should not be compelled, when acting as a witness in any investigation, to testify to facts which might tend to show that he had committed a crime. It was held that any statutory immunity must be a complete protection from all perils against which the constitutional provision was designed to guard and that an immunity statute which the parties in that case sought to impose, Rev.St.U.S. § 860, afforded "no protection against that use of compelled testimony which consists in gaining therefrom a knowledge of the details of a crime, and of sources of information which may supply other means of convicting the witness or party."

In the later case of Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 646, 40 L.Ed. 819, Counselman v. Hitchcock, supra, was discussed at length. There on the basis of a statutory enactment the witness was declared to be assured of immunity and was required to testify. The Court sums up the rule as follows: "The clause of the constitution in question is obviously susceptible of two interpretations. If it be construed literally, as authorizing the witness to refuse to disclose any fact which might tend to incriminate, disgrace or expose him to unfavorable comments, then, as he must necessarily, to a large extent, determine, upon his own conscience and responsibility, whether his answer to the proposed question will have that tendency (1 Burr's Trial, 244; Fisher v. Ronalds, 12 C.B. 762; Reynell v. Sprye, 1 De Cex, McN. & G. 656; Adams v. Lloyd, 3 H. & N. 351; Merluzzi v. Gleeson, 59 Maryland, 214; Bunn v. Bunn, 4 De Gex, J. & S. 316; Ex parte Reynolds, 20 Ch.Div. 294; Ex parte Schofield, 6 Ch.Div. 230), the practical result would be that no one could be compelled to testify to a material fact in a criminal case, unless he chose to do so, or unless it was entirely clear that the privilege was not set up in good faith. If, upon the other hand, the object of the provision be to secure the witness against a criminal prosecution, which might be aided directly or indirectly by his disclosure, then, if no such prosecution be possible,—in other words, if his testimony operate as a complete pardon for the offense to which it relates,—a statute absolutely securing to him such

immunity from prosecution would satisfy the demands of the clause in question."

Counsel in the case at bar urges that the defendant would be subject to disgrace and discredit if compelled to testify. This is no valid excuse as is shown by the language of the court in the Brown v. Walker case, supra: "If the answer of the witness may have a tendency to disgrace him or bring him into disrepute, and the proposed evidence be material to the issue on trial, the great weight of authority is that he may be compelled to answer, although, if the answer can have no effect upon the case, except so far as to impair the credibility of the witness, he may fall back upon his privilege. 1 Greenl. [on] Ev. §§ 454 and 455; People v. Mather, 4 Wend. [N.Y.] 229 [21 Am.Dec. 122]; Lohman v. People, 1 N.Y. 379, [49 Am.Dec. 340]; Commonwealth v. Roberts, Brightly, N.P. [Pa.] 109; Weldon v. Burch, 12 Ill. 374; Cundell v. Pratt, 1 Moody & Malkin, 108; Ex parte Rowe, 7 Cal. 184. But, even in the latter case, if the answer of the witness will not directly show his infamy, but only tend to disgrace him, he is bound to answer. 1 Greenl. [on] Ev. §§ 456. The cases of Respublica v. Gibbs, 3 Yeates, [Pa.] 429, and Lessee of Galbraith v. Eichelberger, [3 Yeates, Pa.] 515, to the contrary are opposed to the weight of authority."

Further on in the opinion we find this language: "A person who commits a criminal act is bound to contemplate the consequences of exposure to his good name and reputation, and ought not to call upon the courts to protect that which he has himself esteemed to be of such little value. The safety and welfare of an entire community should not be put into the scale against the reputation of a self-confessed criminal, who ought not, either in justice or in good morals, to refuse to disclose that which may be of great public utility, in order that his neighbors may think well of him. The design of the constitutional privilege is not to aid the witness in vindicating his character, but to protect him against being compelled to furnish evidence to convict him of a criminal charge. If he secure legal immunity from prosecution, the possible impairment of his good name is a penalty which it is reasonable he should be compelled to pay for the common good. If it be once conceded that the fact that his testimony may tend to bring the witness into disrepute, though not to incriminate him, does not entitle him to the privilege of silence, it necessarily follows that, if it also tends to incriminate, but at the same time operates as a pardon for the offense, the fact that the disgrace remains no more entitles him to immunity in this case than in the other."

Counselman v. Hitchcock, supra, is referred to in the more recent case of United States v. Monia, 317 U.S. 424, 63 S.Ct. 409, 411, 87 L.Ed. 376, wherein it is again pointed out that any immunity statute must indicate "clearly that nothing short of absolute immunity would justify compelling the witness to testify if he claimed his privilege."

It is clear from these and other authorities that a witness cannot claim immunity from anything but a criminal prosecution. He cannot thus shield himself in Kentucky from a civil liability. Gorham v. Carroll, 13 Ky. (3 Litt.) 221; Commonwealth v. Thruston, 30 Ky. (7 J. J. Marsh) 62; Robinson, etc. v. Neal, etc., 21 Ky. (5 T. B. Mon.) 212.

It would however, be essentially contrary to his fundamental right of declining to give evidence which might tend to incriminate him to require him to make disclosures which would undoubtedly have that effect.

This brings us to a consideration of Kentucky's so-called immunity statute. KRS 372.030: "Any person entitled to recovery under KRS 372.020 may have discovery and relief in equity; but when such relief is obtained, the winner shall be discharged from all penalty and forfeiture for having won the money or other thing which, or the value of which, is so recovered back."

The court should not enlarge upon so important an enactment. The section says nothing of a criminal prosecution. Had the legislature intended to give such immunity it should have said so, and not use such foggy and uncertain terms as "penalty and forfeiture". This is entirely too

vague and uncertain to justify the court in trifling with so important a constitutional guarantee. If the statute clearly stated what the plaintiff claims there could be no doubt that the defendant should be required to testify. The applicable rule of law is plain.

In Brown v. Walker, supra, the language of the involved statute was that "no person shall be prosecuted or subjected to any penalty", etc. Act Feb. 11, 1893, 27 Stat. 443, 49 U.S.C.A. § 46. We find nothing like that language in the Kentucky statute, but that he shall be "discharged" from any penalty, etc. The word discharge indicates a civil liability or obligation. No person can be "discharged" from a grand jury investigation or personal affidavit charging a crime.

Under all considerations of this case I am of the opinion that the motion to dismiss certain of the interrogatories should prevail. As to others there is no reason why the defendant should not be required to answer. The order based on this Memorandum will so indicate.

It should be further pointed out that the plaintiff need not rely for the establishment of his case upon the answers to the propounded interrogatories to which the defendant objects. He has his own testimony to rely on and surely in a case of this nature he can present personally all material facts. It may be that the answers of the defendant would strengthen plaintiff's case, but it could at best be but corroborative of the plaintiff's own evidence.