### 34977. ADAMS *v.* STATE OF GEORGIA *et al.*

GARDNER, P. J. This case involves a contempt proceeding by the Solicitor-General of Coffee Superior Court against Hatch Adams (whom we shall call the defendant). The petition alleged the following: "1. Petitioner brings this petition asking that the defendant, Hatch Adams, be adjudged in contempt of Court as the said Hatch Adams, defendant, uttered to the said J. R. Walker, Solicitor-General of the Waycross Judicial Circuit, the following phrase: 'You are a g——d—— lying s. o. b.' Said phrase then and there being uttered to the said J. R. Walker serving in his official capacity while he, the said J. R. Walker, and the said defendant were in the presence of the regular, duly qualified, acting and sworn grand jury while in attendance of and in session in the grand jury room. Said grand jury being in service at the October term, 1953, of Coffee Superior Court and said incident aforementioned occurring before said body on the 19th day of October, 1953."

The defendant's attorney filed demurrers as follows: "1. Because the same sets forth no facts which would authorize a judgment of this court adjudging this defendant in contempt of this court. 2. Because it does not appear from said information and petition that this defendant was concerned in anything affecting the court at the time the alleged incident took place as alleged in said petition and there is nothing therein to indicate wherein or how this defendant was concerned in the matter which is complained of in said petition. 3. Because it does not appear from said petition what the said J. R. Walker, the Solicitor-General, was doing at said time and place or wherein or how he was serving in his official capacity when said words were spoken to him. 4. Because there is nothing therein which will show that this defendant did anything which would obstruct the administration of justice at the time and place alleged in said petition and there is nothing therein to show wherein or how this defendant should be adjudged in contempt of court. 5. Because it is impossible to tell from said petition whether this defendant was in attendance upon said grand jury as a witness or

as a spectator or why he was before said grand jury and it is impossible to tell therefrom whether or not this defendant was a member of said grand jury and for what reason he was before said grand jury at said time and place. 6. Because the facts set forth therein do not show what matter was under investigation by the grand jury at said time and place and what was the occasion of this defendant being present and the allegations therein contained are vague, evasive, and indefinite and it is impossible therefrom for this defendant to know properly how to defend himself against said charges." The court overruled the defendant's demurrers to the petition. Exceptions were duly filed to that judgment of the court. Error is assigned on that judgment.

It must be remembered that the alleged conduct of the defendant was not in the immediate presence or "face" of the court. It was, under Code § 24-105, "So near thereto as to obstruct the administration of justice," provided the alleged conduct of the defendant showed that such conduct would obstruct the administration of justice. We are of the opinion that the allegations of the petition are insufficient to show that the conduct of the defendant tended to obstruct the administration of justice or actually obstructed it. The court erred in overruling the demurrers to the petition.

*Judgment reversed. Felton, C. J., Carlisle and Quillian, JJ., concur. Townsend and Nichols, JJ., dissent.*

DECIDED MARCH 19, 1954—REHEARING DENIED APRIL 2, 1954.

*H. J. Quincey, J. C. McDonald,* for plaintiff in error.

*J. R. Walker, Solicitor-General, D. C. Sapp, Gibson & Maddox,* contra.

TOWNSEND, J., dissenting. The rule brought by J. W. Walker, Solicitor-General of the Waycross Circuit, against the defendant in this case alleges in substance that the said J. W. Walker was serving in his official capacity in the grand-jury room, and that the defendant used the profane and opprobrious words set out in the majority opinion "in the presence of the regular, duly qualified, acting, and sworn grand jury while in attendance of and in session in the grand-jury room."

The power of the court to punish for contempt extends to the conduct of persons before the grand jury. See *Wheatley* v. *State,* 114 *Ga.* 175 (39 S. E. 877) ; *Burge* v. *State,* 38 *Ga. App.* 690 (145 S. E. 463). The weight of authority in this country is that contempts occurring in the presence of a grand jury are treated as taking place in the presence of the court or so near thereto as to obstruct justice. 38 C. J. S. 1056, § 41. See also *Morgan* v.

*State,* 26 *Ga. App.* 83 (105 S. E. 449). In my opinion this rule is sufficient as against the demurrers, and the trial court did not err in overruling them.

Nichols, J., concurs in this dissent.